## GATELY v. KNISS ET AL.

1. .**Appeal**: EQUITY CASE: WRITTEN EVIDENCE NOT TAKEN DOWN BY REPORTER: TRIAL DE NOVO. A trial upon the merits will not be denied in an equity case on the ground that the evidence was not taken and reported by the official reporter, when it clearly appears that the case was tried below on depositions and other written evidence.

2. ——— : ——— : BILL OF EXCEPTIONS NOT NECESSARY. A bill of exceptions is not necessary to the review of an equity case in this court upon the merits.

3. ——— : ——— : DISMISSAL ON GROUND OF DEFECTIVE ABSTRACT. An appeal in an equity case will not be dismissed on the ground that appellant's abstract fails to show the objections made to the evidence and the rulings of the court thereon, when the record does not indicate that any such objections and rulings were made.

4. **Services on Railroad** : ACTION AGAINST CONTRACTORS: NO LIABILITY SHOWN—NO RECOVERY. In an action against contractors for labor performed on a railroad at the instance of an alleged sub-contractor, the plaintiff failed to show any such relation between the contractors and the alleged sub-contractor as made the former liable for the work, and a judgment rendered against them upon such evidence was reversed.

*Appeal from Dallas Circuit Court.*

WEDNESDAY, OCTOBER 22.

ACTION to recover a judgment against the defendants, Kniss & Walters, and to establish a mechanic's lien against the Chicago, Milwaukee & St. Paul R. R. Co. Trial to the court, judgment against Kniss & Walters, but the court refused to establish a mechanic's lien against the railroad company. Kniss & Walters appeal.

*Cardell & Shortley,* for appellants.

*White & Clark* and *D. W. Woodin,* for appellee.

SEEVERS, J.—I. The appellee has filed a motion to dismiss the appeal on the grounds:

*First,* That the evidence was not taken and reported by the official reporter of the court. This is not a valid objection to a consideration of the case on the merits, because it sufficiently appears that it was heard on depositions and other written evidence. *Second,* That no bill of exceptions was filed. None is required in an equity case. *Third,* Appellant's abstract does not show the objections made to the evidence and the rulings of the court thereon. The record before us fails to indicate that any such objections or rulings were made. A certificate of the trial judge sufficiently indicates and indentifies the evidence offered and introduced in the court below, and, as such evidence is set out in the abstracts, we have sufficient to enable us to consider the case on its merits.

II. The defendants, Kniss & Walters, were contractors, and had undertaken a job of work for the railway company. The plaintiff testifies that he performed certain labor in the construction of the railroad for and at the request of E. F. & A. Gately, or one of them, who, as we understand, were subcontractors under Kniss & Walters. The plaintiff does not

claim that he was employed by the defendants, or that he did any labor at their request. It was incumbent on the plaintiff to establish that the defendants were under a legal obligation to pay him, and this he has failed to do. There is no evidence so tending. It appears from the evidence of one of the defendants that there was a contract between the defendants and E. Gately, the sub-contractor, but, for some reason unknown, the contract was not attached to the deposition, and the same was not introduced in evidence. Counsel for the appellee insist that the court was warranted in presuming that, according to the terms of such contract, the defendants had made themselves personally liable to pay the plaintiff and others who worked and labored for the sub-contractors. But no such presumption can be indulged. The contract must speak for itself. It is true, some of the laborers were paid by the defendants, but this was done, not because of any legal obligation, but as a matter of protection to the laborers, and to the end, we suppose, that no mechanic's lien could be filed against the road.

REVERSED.