## REDDING V. PAGE ET AL.

1. **Replevin: DEMAND.** Where both parties claim title to personal property, and the right of possession thereunder, a demand is not necessary to enable either to maintain an action of replevin therefor.

*Appeal from Hardin District Court.*

WEDNESDAY, DECEMBER 3.

REPLEVIN for wheat and other grain. The cause was tried to the court without a jury, and judgment rendered for plaintiff; defendants appeal. The facts of the case appear in the opinion.

*King & Henley*, for appellants.

*J. H. Scales*, for appellee.

BECK, CH. J.—I. The petition alleges that plaintiff was owner of the property, and that he acquired title thereto by purchase from one Markham. The defendants set up in the answer that they hold the property under an order appointing one of them receiver in a case of foreclosure wherein Markham was defendant. The property was taken and is held by the receiver under this order. The answer claims that the action cannot be maintained because the property is in the custody of the court wherein the foreclosure suit is pending. Certain errors are assigned and presented in argument assailing the judgment of the Circuit Court on the ground that it is not sustained by the testimony. The assignment specifically points out as error that no leave to prosecute the suit was shown, that the property was held by a receiver of another court, that no demand was shown, and that the amount of the judgment is excessive. All these objections are aimed at the judgment, and are based upon the ground that it is not sufficiently supported by the evidence. We cannot consider the objections for the reasons that the judgment was in no manner excepted to in the court below. No exception appears to have been taken in any form to the judgment. It is a familiar rule that we cannot consider objections unless based upon excep-

Redding v. Page.

tions taken in the court below. We will not review a judgment complained of as not being supported by the evidence unless it was excepted to in some form. This rule is so familiar that the citation of cases is not needed in its support.

II. The court refused to admit evidence to show that plaintiff made no demand for the property before the action was commenced. But a demand was not necessary to give plaintiff a right of action, as both parties claimed title to the property. The plaintiff claimed title under a purchase from Markham, and defendant claimed title as the receiver appointed in the foreclosure proceeding. A demand was not necessary to confer upon plaintiff the right of possession, nor to terminate such right held by defendant; the law did not, therefore, require it to be made. *Smith & Co. v. McLean*, 24 Iowa, 322.

*1. REPLEVIN: demand.*

III. Counsel insist that the court erred in holding defendant liable for the value of the grain at the highest market prices between the time of taking and the trial, and in rendering judgment accordingly. Whether the court in rendering judgment did not reckon the grain at such prices, can be only a matter of inference and conjecture. There is nothing in the record to show upon what basis the amount of the judgment was fixed. The court may have erred as to the quantity of the grain, or as to the price; we can presume error in neither way. Error in either direction would have the effect to increase the judgment. But defendants did not except thereto in the court below; they cannot complain of the judgment in this court.

IV. Evidence was introduced tending to prove the highest market price of the grain after it was taken and before the trial. The admission of this evidence is not assigned for error. We cannot, therefore, pass upon the question of its competency, for we are to presume that the error in the ruling, if any there be, is waived by the omission to present it in the assignment.

No other questions are raised by the assignment of errors and discussed by counsel. The judgment of the Circuit Court must be

AFFIRMED.