62 307
82 711

## McArthur v. Linderman et al.

1. **Judgment:** PARTIES JOINTLY BOUND: SEVERAL JUDGMENTS SET ASIDE. Where the evidence showed the defendants jointly liable for a certain sum, separate judgments against the several defendants for sums aggregating more than their joint liability were unauthorized and are set aside.

2. **Practice in Supreme Court:** EFFECT OF AMENDED ABSTRACT BY APPELLEE. Where appellant's abstract claims to contain all the evidence, but appellee denies this claim, and files an amended abstract containing evidence, without admitting that therewith all the evidence is brought before the court, the court will nevertheless, under rule 20, consider all the evidence to be thus supplied, and will proceed accordingly.

*Appeal from Harrison District Court.*

SATURDAY, DECEMBER 8.

THE plaintiff alleges in his petition that he assigned to Webster, Linderman & Co. certain judgments, as collateral security for a note, and that Barnhart and Cadwell, acting as attorneys for Webster, Linderman & Co., collected said judg-

ments, and appropriated to their own use all of the moneys collected above what was sufficient to satisfy said note. The plaintiff prays judgment for $600. Trial to a jury, verdict and judgment for plaintiff against each of the defendants, J. W. Barnhart and E. P. Cadwell, for $162.50. The defendant, Cadwell, appeals.

*Sims & Cadwell*, for appellant.

*H. H. Roadifer* and *Smith & Clyde*, for appellee.

DAY, CH. J.—I. The testimony shows without any conflict that the amount collected on the judgments was $424.28, and that of this sum the defendants accounted to Webster, Linderman & Co., for $232.08, leaving in the hands of defendants only $191.20. The verdict against each of the defendants for $162.50 is clearly unsupported by the testimony, unless it was the intention of the court that a satisfaction by one defendant should satisfy the whole judgment, which is not claimed.

II. The appellee claims, however, that the abstract does not contain all the evidence. The abstract contains a statement that it presents all the testimony offered and introduced upon the trial. The appellee filed an amended abstract, denying that the abstract of the appellant contains all the evidence and setting forth what is claimed to be some additional testimony, with the statement that it is furnished without admitting that therewith the abstract contains all the evidence. When the abstract of appellant does not purport to contain all the evidence, the appellee may set forth in his amended abstract omitted portions, with a statement that, with his additions, the abstracts do not contain all the evidence. But, where the abstract of appellant purports to contain all the evidence, the appellee must, under our rules, supply what he claims has been omitted. See Rule 20. The verdict is not supported by the evidence. The judgment is

REVERSED.