The State v. Tucker.

THE STATE v. TUCKER.

1. **Practice in Supreme Court:** PRESUMPTION IN FAVOR OF ABSTRACT NOT DENIED. Where an abstract purports to be an abstract of all the evidence, it will be presumed, in the absence of a statement to the contrary in an amended abstract, that the evidence set out was made of record in the court below.

2. **Verdict:** IMPEACHMENT OF: MISCONDUCT OF JUROR. The affidavit of defendant that he is *informed* and *believes* that one of the jurors was guilty of certain specified misconduct is not sufficient to establish the fact of misconduct.

*Appeal from Ringgold District Court.*

THURSDAY, DECEMBER 17.

THE defendant was convicted of the crime of larceny, and judgment was rendered upon the verdict. He now appeals to this court.

*M. L. Temple,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

The State v. Tucker.

ADAMS, J.—The attorney-general moves to dismiss the appeal, on the ground that the evidence in the case was never **1. PRACTICE** made of record. But the abstract filed by appel-**in supreme court: pre-** lant purports to be an abstract of all the evidence, **sumption in favor of ab-** and, in the absence of any showing to the con-**stract not de-** **nied.** trary, we assume that the evidence set out was made of record. If the fact is as the attorney-general claims, —that the evidence was not made of record,—he should have filed an additional abstract so stating; and if his statements were not denied by the appellant, we would, under our rules and practice, assume the statement to be true. But his omission to do so does not prove to be material in this case, because the abstract, taking it to be a fair presentation of the record, does not, so far as we have been able to discover, reveal any error. The appellant has filed no argument, and it is not our custom in such cases to enter into an extended discussion of what we may suppose that the defendant relies upon for a reversal.

The appellant complains that one of the jurors was prejudiced against him, and made an improper statement during **2. VERDICT:** the trial. He filed his own affidavit in which he **impeachment** **of: miscon-** states that he is informed and believes that one **duct of juror.** Stephenson, who was one of the jurors, stated, during the trial, to one Vance that he would find the defendant guilty or hang the jury. But the fact that the defendant was so informed and believed would not be sufficient to prove the improper conduct of the juror. In our opinion the judgment of the district court should be

AFFIRMED.