ARTS v. CULBERTSON ET AL.

1. **Appeal:** EQUITY CASE: REPORTER'S NOTES: TRANSLATION: TIME OF FILING. In order to entitle the appellant in an equity case to a trial *de novo* in this court, the translation of the short-hand reporter's notes must be filed in the trial court within six months after the date of the judgment appealed from; (*Merrill v. Bowe*, 69 Iowa, 653;) and a claim that a translation was made and placed among the papers within that time cannot be considered, as the fact claimed does not appear of record.

*Appeal from Carroll District Court*—HON. C. F. LOOFBOUROW, Judge.

WEDNESDAY, OCTOBER 19.

THIS is an action for the foreclosure of a mortgage. There was a decree for the defendants. Plaintiff appeals.

*E. M. Betzer* and *Cole, McVey & Clark*, for appellant.

*H. W. Macomber* and *Geo. W. Paine*, for appellees.

ROTHROCK, J.—This cause was submitted to this court at the December term, 1886, and an opinion was filed at the March term, 1887. (71 Iowa, 366.) By reference to that opinion, it will be seen that the cause was submitted with certain motions and an agreement to dispense with a transcript, unless this court should be of opinion that a transcript was necessary to a proper disposition of the appeal, in which case counsel for appellant was to be granted a reasonable time to file the transcript. The opinion filed set aside the submission, and continued the cause to give time to file the transcript, which having been done, the cause is again submitted.

The appellees, in an amended, or rather an additional, abstract, denied the correctness of appellant's abstract, and averred that the testimony was not reduced to writing and filed and certified within six months after the trial; that the stenographer's notes of the testimony were filed within six months; but the same were not transcribed into long-hand and filed. This additional abstract was controverted by counsel for appellant; and, on the 19th day of April, 1887, a complete transcript was filed, from which we are for the first time enabled to determine the question in dispute as to the record.

It appears from the transcript that the cause was tried at the November term, 1885, and that the original short-hand notes were filed and properly certified by the judge at that term. The decree was entered on the 4th day of February, 1886, and an appeal was taken on the 3d day of May, 1886. The transcript shows that the translation of the short-hand notes was not filed in the clerk's office until April 13, 1887,

and more than a year after the decree. This was not within time. The translation of the short-hand notes is required to be filed within six months from the rendition of the decree. *Merrill v. Bowe*, 69 Iowa, 653. It is claimed that a translation was made and placed among the papers in the case within the proper time, and that it was lost or mislaid. But we are required to take the record in the court below as we find it in the transcript, and it does not show that any translation was filed until April 13, 1887. This is an equity case, to be heard *de novo* in this court, if heard at all, and it follows that, as the evidence was not properly made of record, the decree of the district court must be

AFFIRMED.