SPELMAN V. GILL.

1. **Appeal:** QUESTION NOT RAISED BELOW: KIND OF PROCEEDINGS. This cause having been begun and tried in the court below as a law action, without any objection on. the part of defendant, he cannot, on appeal, be heard to complain that it should have been tried as an action in equity. He should have moved in the trial court to transfer it to the. equity calendar, as provided by Code, section 2514.

2. ———: RULINGS ON EVIDENCE: NO EXCEPTIONS. The admission of incompetent evidence against appellant's objection is no ground for a reversal, where the record does not show that exceptions were taken and preserved to the rulings of the court admitting the evidence.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, MAY 17, 1888.

PLAINTIFF seeks to recover of defendant four hundred and twenty-five dollars alleged to be due on account of the sale of real estate. The case was tried in the district court to a jury, and verdict and judgment rendered for plaintiff. The defendant appeals.

*Cole, Mc Vey & Clark,* for appellant.

*W. S. Sickmon* and *St. John & Whisenand,* for appellee

ROBINSON, J.—The plaintiff alleges that "upon and prior to the seventh day of December, 1885, she was the owner of the following-described real estate, to-wit: The southeast quarter of the southwest quarter of section 30, township 81, range 26 ; that upon said date she entered into a verbal agreement with the defendant, Darby Gill, whereby said Darby Gill was to act for her in the selling of said land, accounting for the entire

proceeds thereof to this plaintiff, and that, to facilitate such agreement, she, in connection with her husband, Paul Spelman, conveyed said land to said Darby Gill, to be by him thereafter sold as aforesaid; that subsequently to said time, and on the eighth day of January, 1886, the said Darby Gill sold and conveyed said land to one Edward Spelman for a consideration of nine hundred dollars." Plaintiff further alleges that, after deducting all credits to which defendant is entitled, there is due from him the sum of $402.66. Defendant admits the conveyance, but avers that it was made in pursuance of an absolute sale, and that he has fully paid the purchase price. Although numerous errors are assigned by appellant, but two questions are discussed.

I. It is first objected on behalf of appellant that the district court "had no jurisdiction of this case, because it was a case in equity, and could not be tried at law as was done." This objection is based on the claim that the action was in fact brought to establish and enforce a trust. But the district court had jurisdiction of the subject-matter of the action, whether the relief required be legal or equitable. If plaintiff erred in the kind of proceedings he adopted, the proper remedy was a transfer of the action to the proper docket. Code, sec. 2514; *Gould v. Hurto*, 61 Iowa, 47. This appellant did not ask, but raises the question of jurisdiction for the first time in this court. It is now too late to consider it further.

*1. Appeal: question not raised below: kind of proceedings.*

II. The objection most seriously urged by appellant, and the one upon which he seems chiefly to rely, is that "the action of the court in this case raised a trust upon an absolute warranty deed, which cannot be done." It is claimed that parol evidence was not competent to establish the alleged fact that the conveyance in controversy was made to defendant as an agent or in trust. This claim may be conceded for the purposes of this case. Code, sec. 1934; *Ratliff v. Ellis*, 2 Iowa, 62; *Kramer v. Kramer*, 68 Iowa, 568; *McGinness v. Barton*, 71 Iowa, 645. But appellant

*2. ——: rulings on evidence: no exceptions.*

neglected to preserve his right to urge that claim in this court. It is true that the alleged agency was established wholly by parol evidence, admitted against the objection of appellant. But it is not shown that any exception was taken to the rulings of the court in admitting this testimony. We have frequently held that we will not consider objections unless based upon exceptions taken in the court below. *Redding v. Page*, 52 Iowa, 406. Such exceptions must be shown to have been made and preserved in the manner required by law, and will not ordinarily be presumed.

In view of the facts disclosed by the record, this case must be

AFFIRMED.