GOODE & WILCOXEN, Appellants, v. D. W. STEARNS *et al.*, Appellees.

1. **Practice in Supreme Court:** RECORD: ABSTRACTS: AMENDMENTS. Where the abstract of the record filed by the appellant states that it contains all the evidence, and the appellee files an amended abstract which sets forth additional evidence, and avers that said appellant's abstract, together with the appellee's amended abstract do not contain all the evidence, and such averment is not controverted by the appellee, the averment will be taken as true, and the appeal will not be entertained.

| | |
|---|---|
| 82 | 709 |
| 87 | 74 |
| 82 | 709 |
| 94 | 625 |
| 94 | 716 |
| 94 | 753 |
| 82 | 709 |
| 95 | 193 |
| 82 | 709 |
| 96 | 195 |
| 97 | 599 |
| 98 | 651 |
| 100 | 562 |

SUPPLEMENTAL OPINION.

2. **In so Far as the Opinion** in the case of *McArthur v. Linderman*, 62 Iowa, 307, is inconsistent with the rule above announced, it is overruled.

*Appeal from Polk District Court.*—HON. MARCUS
KAVANAGH, Jr., Judge.

SATURDAY, JANUARY 31, 1891.

THIS is a suit in equity to enjoin the defendants
from selling or removing certain brick from a brick-
yard, which it is alleged the defendants leased from the
plaintiffs, and for judgment for rent of the brick-yard.
A temporary injunction was allowed, and upon a hear-
ing on the merits there was a decree for the defendants,
and the injunction was dissolved. The plaintiffs appeal.
*Affirmed.*

*E. J. Goode* and *Phillips & Harvison*, for appel-
lants.

*H. S. Wilcox* and *Cummins & Wright*, for appel-
lees.

ROTHROCK, J.—The cause, being in equity, is to be
tried anew in this court, if the record contains all the
evidence offered and introduced in the court below. It
is claimed by counsel for appellees that the abstract of
the appellants is not an abstract of all the evidence.
The appellees filed an abstract in which some additional
evidence is set out, and it is averred therein that includ-
ing such additional evidence the two abstracts do not
contain all of the evidence. This additional abstract is
in no manner controverted by the appellant. In this
condition of the record the appellee's abstract must be
regarded as true, and the appeal cannot be entertained
in this court. We have repeatedly so held, and reasons
for the holding need not be repeated here. *State v.
Tucker,* 68 Iowa, 50; *Kearney v. Ferguson,* 50 Iowa,
72; *Burkhart v. Ball,* 59 Iowa, 629; *Acton v. Coffman,*
74 Iowa, 17; *Marsh v. Smith,* 73 Iowa, 295; *Foley v.
Hefferon,* 70 Iowa, 572.

The decree of the district court is AFFIRMED.

SUPPLEMENTAL OPINION.

WEDNESDAY, OCTOBER 7, 1891.

ROTHROCK, J.—A petition for rehearing was presented, and an oral argument was made thereon, in which it was urged with great earnestness that the rule announced in the foregoing opinion is contrary to the former rulings of this court on the question involved.

We have examined the cases cited by counsel for the appellants, and desire to say that the case of *McArthur v. Linderman*, 62 Iowa, 307, tends to sustain the position of counsel. In that case the abstract of the appellants contained a statement that it was an abstract of all the evidence, and the appellees filed an amended abstract denying that the abstract of the appellants contained all the evidence, and setting forth what was claimed to be some additional evidence, with the statement that it is furnished, without admitting that therewith the abstract contained all the evidence. Upon this state of facts it was held that, where the abstract of the appellants purports to contain all the evidence, the appellees must supply what they claim was omitted. In the case at bar the appellants' abstract did purport to be an abstract of all the evidence, and the cases cited are identical, with the exception that in the cited case the appellees did not make the question that the two abstracts did not contain all the evidence. It will thus be seen that there is quite a distinction between the cases. Of course, no additional abstract would be required of the appellants until the issue is plainly tendered by the appellees; but, as this is a mere rule of practice, whatever is said in the cited case applicable to the question must be regarded as overruled. The general rule of practice is that an additional abstract of the appellees, not denied by the appellant, will be taken as true. This has been so often determined that we need not cite the cases. The case at bar would be within that rule but for the denial contained in the appellees' abstract. When there is such denial, the

case comes within the rule announced in *Howe v. Jones*, 66 Iowa, 156, where it was held that, as the appellant filed no transcript, we would regard the statements of the appellee's abstract as true. *Cross v. Railroad*, 51 Iowa, 683, and *Kearney v. Ferguson*, 50 Iowa, 72. It appears to us to be the better practice to follow the rule so often announced that, where an additional abstract of appellee is not denied, it will be taken to be true, ought not to be confided to the evidence set out in the additional abstract, but should go to the whole abstract. The failure to deny the correctness of the evidence set out by the appellees is an admission by the appellants that they have failed to properly present their case to this court. They admit thereby that the statement contained in their abstract, that it contained all the evidence, is not true, and it is not too much to require them to again make the attempt to properly present their case, by denying, or rather reasserting, that, as a matter of fact, the whole of the evidence is to be found in the two abstracts. Primarily, it is the duty of the appellants to abstract and present the case so that the questions they present can be reviewed in this court without resort to a transcript. They should see to it that this is done. In conclusion, we may say that the records of causes presented in this court for several years past · show that the rule of the foregoing opinion has been generally understood as the correct practice by the bar of the state.

The petition for rehearing will be OVERRULED.