J. W. JAMISON *et al.*, Appellees, v. F. D. WEAVER *et al.*, Appellants.*

1. **Appeal: RECORD: DOCUMENTARY EVIDENCE.** Books of record and documents which have been properly identified in the shorthand reporter's notes, and introduced in evidence, are to be regarded as a part of the record, though they are not on file or in the actual custody of the clerk, and are not attached to nor incorporated in the shorthand reporter's report or translation thereof, when certified by the judge.

2. **Creditors' Bill: FRAUDULENT CONCEALMENT OF PROPERTY: EVIDENCE.** In a proceeding to subject property held by the wife and sons of a judgment debtor to the satisfaction of certain judgments, the preponderance of the evidence showed that, prior to the rendition of the judgments, he had given two thousand dollars to his wife, and that she had received other money from her father; that he had lost the residue of his property in an unprofitable investment; that his sons, having been emancipated, had engaged in business for themselves; that he managed, to a great degree, the business of both his wife and his sons, and with much more success than he had formerly shown in the management of his own; and that the property which they claimed as their own could thus be accounted for without resorting to the theory of fraudulent concealment, of which there was no direct evidence. *Held,* that a decree subjecting the property to the payment of the judgments was not sustained by the evidence.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

THURSDAY, JANUARY 19, 1893.

ACTION in equity to subject certain real and personal property to the payment of judgments claimed by the plaintiffs. From a decree in favor of the plaintiffs, the defendants F. D. Weaver and Nancy L. Weaver appeal.—*Reversed.*

---

*The opinion filed upon the first submission of this cause was withdrawn by the court, and for that reason is not published in these reports. It may be found in 50 N. W. Rep. 34.—REPORTER.

*Remley & Ercanbrack* and *Hubbard & Dawley*, for appellants.

*J. W. Jamison, Sheean & McCam,* and *J. S. Stacy,* for appellees.

ROBINSON, C. J.—The plaintiffs claim to be the owners of four judgments, rendered on different dates, and in favor of different persons, against the defendant D. Weaver; that executions have been issued on such judgments, which have been returned unsatisfied; that certain tax sale certificates claimed by the defendants F. L. Weaver and F. D. Weaver, and now in the possession of the defendant Rhodes, treasurer of Jones county, and that certain money paid to the defendant Fakes, as auditor of Jones county, in redemption from sales described in such certificates, are the property of D. Weaver; that certain real estate, the title to which appears to be in the defendants Nancy L. Weaver and F. L. Weaver, is in fact owned by D. Weaver; that all of said property is held by the defendants Nancy L. Weaver, who is the wife, and F. L. Weaver and F. D. Weaver, who are the sons of D. Weaver, fraudulently, and for the purpose of keeping it from the creditors of D. Weaver. The plaintiffs ask that it be subjected to the payment of these judgments. F. L. Weaver was not served with notice of the action, and did not appear. D. Weaver answered, admitting the judgments, but denying the claim of the plaintiffs as to his alleged ownership and concealment of property. Nancy L. Weaver and F. D. Weaver also answered, denying the fraud and ownership of property by D. Weaver alleged. The cause was tried on the merits, and a decree was rendered subjecting certain real estate, the certificates of tax sale, and money in the hands of the auditor to the payment of the judgments.

This cause has been twice submitted to this court.

On the first submission an opinion was filed sustaining a motion of the appellees to affirm the judgment on the ground that the evidence in the case had not been properly preserved and certified. 50 N. W. Rep. 34. A petition for rehearing, claiming that the certificates of the district judge attached to the evidence had been misunderstood, was filed, a rehearing was ordered, and the cause is again submitted.

I.    The abstract of the appellants purports to contain all the evidence offered, and all the evidence intro-

1. APPEAL: record: documentary evidence.

duced on the trial in the district court, and, in the absence of an attack by the appellees, would have been sufficient to entitle the appellants to a trial *de novo* in this court. But the appellees filed an additional abstract, which denied the correctness of the appellants' abstract, and alleged that the two abstracts together did not contain all the evidence in the case, nor give any adequate idea of it, and that the appellees can not supply the omitted evidence, for the reason that it was not made of record. The additional abstract contains much that should have been presented in argument, if at all, and which can not be treated as any part of the record. But, disregarding the immaterial matter, we find that the additional abstract states that the appellants have never filed in the office of the clerk of the district court a complete transcript of all the evidence offered; that there is omitted from the one filed some of the most important exhibits, including documentary evidence submitted in evidence; and that an account book, introduced in evidence, had been withdrawn from the records, and had not since that time been in the possession of the clerk or reporter. There is no denial of the additional abstract, excepting in argument, and it must therefore be taken as true. *Goode v. Stearns*, 82 Iowa, 709.

In most equitable actions submitted for trial in

this court *de novo*, nothing would remain for us to do under the facts recited but to affirm the decree of the court below.    But the additional abstract in this case, in explanation of the claims made by the appellees, sets out certain certificates, the first of which, attached by the shorthand reporter to a translation of his notes, is as follows:    "The above and foregoing transcript is a correct, full, true, and complete transcript of the short- hand notes of the testimony of all the witnesses, and the identification of all the documentary evidence intro- duced and offered in evidence."    It will be noticed that the certificate does not state that the translation or transcript contains any of the documentary evidence, but only an identification of it.    A certificate of the judge, attached to the transcript, as shown by the additional abstract, contains the following:    "That the foregoing evidence, consisting of a transcript of the notes of the official reporter, being pages 1 to 306 inclu- sive, together with all the exhibits identified therein, is all the evidence either offered or introduced in evidence upon the trial of said cause, and that the foregoing transcript fully sets forth all of said evidence except the exhibits, both offered and introduced."    The appel- lants, in their petition for a rehearing, set out what is alleged to be a certificate of the judge, originally attached to the shorthand notes of the trial, made by the official reporter, which shows that the exhibits identified in the report were all which were offered and all which were introduced in the trial.    That certificate contains the following:    "And all of said evidence and exhibits and rulings are hereby identified and made a part of the record in this cause, and the same consti- tutes all the testimony upon which this case was tried and determined."    This certificate might well be dis- regarded, for the reason that it does not appear in any abstract of the record, and is set out for the first time on rehearing.    *McDermott v. Iowa Falls & S. C. Rail-*

*way Company*, 85 Iowa, 180.   But the additional abstract
shows that the denial of the correctness of the abstract
is based chiefly on the omission to keep in the office of
the clerk certain public records which were introduced
in evidence, or to file therein copies of such records.
Whether that was necessary practice was discussed on
the first submission, and, as the certificate last referred
to has been treated by counsel as properly in the case,
and especially as it serves to make more clear the ques-
tion of practice discussed, we have set it out.   The
evidence on which the case was tried in the district
court consisted of oral testimony, which was reduced to
writing by the shorthand reporter; several books from
the office of the county auditor, described as "stub
receipt books," showing redemption from the tax sales;
the treasurer's register of tax sales; a book of accounts
of a school district; one or more private books of
account; some receipts and judgment dockets; and
perhaps other documentary evidence.   The books and
documents offered in evidence were properly described
and identified in the transcript of the shorthand
reporter, but it appears that when his certificate and
the two certificates of the judge were signed, the books
which belonged in the offices of the auditor and treas-
urer were not in the clerk's office, nor attached to the
transcript; and the same is true of some of the other
documentary evidence.   It also appears that little, if
any, of that evidence was in the office of the clerk after
the trial, and within six months from the date of the
decree.   After the expiration of that time the clerk
certified to this court the books and documentary
evidence, which were identified by the shorthand
reporter's transcript, with one or two unimportant
exceptions; but that was done under section 3179 of
the Code, as amended, and was not required to be done
within six months of the date of the decree.   It could
not cure defects, if any, in the record.

We are required to determine whether books of record and documents which have been properly identified in the shorthand reporter's notes and offered in evidence are to be regarded as a part of the record when they were not on file or in the actual custody of the clerk, and when they are not attached to nor incorporated in the shorthand reporter's report or translation thereof, when certified by the judge. It is not necessary that the certificate of the judge be attached to the evidence, but it is sufficient if the certificate describe the evidence in some definite and unmistakable manner. *Palo Alto County v. Harrison*, 68 Iowa, 81, 87; *Johnston v. McPherran*, 81 Iowa, 230; *Richardson v. Gray*, 84 Iowa, 149. Neither is it necessary that exhibits be attached to or incorporated in the shorthand reporter's notes or translation. If they are sufficiently identified in the report and translation, which are duly certified by the judge, the certification is sufficient. When books or documents are received in evidence, they are within the control of the court, and in the custody of the clerk, although not formally filed. No one has a right to withdraw them after that time without an order of the court or consent of parties interested. It is therefore proper for the judge, in certifying the evidence, to treat all books, documents, and other things which have been received in evidence as in the office and custody of the clerk, and, when the certificate of the judge is duly made and filed, the evidence which has been identified and certified will be regarded as a part of the record, even although at the time it may not be in the office, nor within the actual custody, of the clerk. A book or paper, having been properly made a part of the record, does not ordinarily cease to be a part of the record if it be afterwards withdrawn. A book or paper which belonged to the office of the county auditor or county treasurer did not cease to be a record of that office when it was

withdrawn from it, and offered in evidence in this case, notwithstanding the fact that for some purposes it became a record of another office, and for a time was under the control of the court, and in the custody of the clerk. It frequently happens that an important permanent record of some public office is certified to this court for inspection when a copy of the record would not accomplish the desired object. In such a case the record is, for a temporary purpose, a part of the record of the case in this court; but it does not cease to be a record of the office from which it came.

The appellees rely to some extent upon the cases of *Arts v. Culbertson*, 73 Iowa, 13; *Kavaleir v. Machula*, 77 Iowa, 121, 124. In those cases it was decided that the shorthand reporter's translation of his notes must be certified and filed in the office of the clerk, in cases in equity, within six months from the date of the decree, in order to secure a trial *de novo* in this court; but they are not authorities for the claim which the appellees make that the exhibits identified in the translation must also be in the actual custody of the clerk within the same time, for the reason that such exhibits were filed, so far as they are required to be filed, when they are introduced in evidence, and thus placed within the control of the court. If they are afterwards withdrawn, the case is the same, in legal effect, as though the translation, having been duly filed, is afterwards temporarily withdrawn. It will not and can not be claimed that if that were done the translation would cease to be a part of the record. That which we have said of public records applies to private books and writings. What would be the rights and remedies of an appellant if a part of the record of a case were not in the office of the clerk when he was required to certify it to this court is a question not involved in this case, excepting as to one book of account; and, as the absence of that book, conceding all which appellees

can claim for it to be true, can not affect the result in this case, we do not find it necessary to determine the question. We conclude that the exhibits in question were properly identified and made a part of the record, and the motion to affirm is therefore overruled.

II. The facts upon which the appellees rely to secure the desired relief are substantially as follows:

2. CREDITORS' bill: fraudulent concealment of property: evidence. For many years D. Weaver dealt in tax titles, sometimes in his own name and sometimes in the names of others; and was active in managing much of the business, which was carried on in the name of his wife and sons. They have accumulated considerable property, while he is insolvent, if he has no interest in the property which they claim. The evidence discloses facts which are well calculated to raise doubts as to the good faith of some of the business transactions of D. Weaver in the names of his relatives, but we are of the opinion that the preponderance of the evidence establishes the following facts: It is not shown when the indebtedness on which the judgments in question were rendered was contracted. Before any of them were recovered, D. Weaver disposed of a farm in Linn county, and gave to his wife over two thousand dollars of the proceeds. Some of that money she invested in a homestead, taking the title in her own name. She had other property, and was given a considerable sum of money by her father and a brother. Her property was managed chiefly by her husband, and the money invested in real estate and in tax sale certificates, and perhaps in other property. Some of the certificates were issued in the name of her husband, but were held and used for her benefit. About the year 1876, he emancipated his two sons, and thereafter they received their own earnings, and invested them in various ways. They bought cows, and carried on a dairy, the father assisting. One of the sons spent several years

at college, and afterwards engaged in business, which proved profitable. Some of the earnings of the sons were invested by the father at tax sales and in other ways. One of the sons purchased property in Anamosa, and had the title placed in the name of his mother. He explains that transaction by saying that he feared the owner of the property would not sell it to him, hence had the purchase made nominally for his mother. The father had some money when he sold the Linn county farm, but he invested it in a stone quarry about the year 1872. The investment proved to be a total loss, and since that time he has owned little or no property. It must be admitted that he has been more successful in managing the business of others than in managing his own, but it was his right to aid his family in carrying on their business, and his creditors can not complain of his having done so. We do not overlook the fact that in a contest of this kind the creditor is usually compelled to rely largely upon proof of circumstances which are calculated to cause the good faith of transactions of his debtor to be disbelieved, for the reason that, if he is entitled to relief, the persons who know the facts are apt to be interested in concealing them, but, after making all proper allowances for that fact, we are led to conclude that the plaintiffs have wholly failed to show that the property in controversy, or any part of it, is owned by, or held for the benefit of, their debtor. The decree of the district court is REVERSED.