THE INDEPENDENT DISTRICT OF MILFORD V. MANFORD Ross, *et al.*, Appellants.

**Practice on Appeal:** TRIAL DE NOVO. A case in equity, requiring a transcript of the shorthand notes of the evidence to be filed, cannot be tried *de novo* where such transcript is not filed within six months from the entering of the judgment.

**Practice:** CORRECTION AFTER TERM. Under Code, section 179, allowing entries made at a previous term to be altered only to correct evident mistakes, an order amending a record so as to show an exception to the decree, upon motion filed more than a year after the decree was entered, is improper, where it is shown that the original decree was entered with the knowledge of the counsel for the moving party, and after they had personally examined it.

*Appeal from Boone District Court.*—HON. N. B. HYATT, Judge.

MONDAY, MAY 27, 1895.

This is a suit in equity by which the plaintiff seeks to set aside a contract for the erection of a schoolhouse, and to enjoin the defendants from the performance of said contract, and to require them to repay to the plaintiff any money paid out in the performance of said alleged illegal contract. There was a decree for the plaintiff, from which defendant appeals.—*Affirmed.*

*J. M. Goodson* for appellants.

*Jordon & Brockett* for appellee.

Rothrock, J.—I. There can be no trial anew in this court. The judgment and decree were filed on the

ninth day of August, 1893. The transcript of the short hand notes of the evidence was not filed in the office of the clerk of the district court until the fifth day of April, 1894,—more than six months from the entering of the judgment and decree. *Arts v. Culbertson*, 73 Iowa, 13, 34 N. W. Rep. 490; *State v. Roenisch*, 77 Iowa, 379, 42 N. W. Rep. 325; *Kavalier v. Machula*, 77 Iowa, 121, 41 N. W. Rep. 590; *Wise v. Usry*, 72 Iowa, 74, 38 N. W. Rep. 371. This is not a case where no transcript of the evidence is necessary to be filed, and, as it was not presented and filed as required by law, there can be no trial in this court, unless it may be upon errors assigned.

II. The main contention is that the decree is not sustained by the evidence. The appellee makes the question that the appellants cannot be heard upon that alleged error, because no exception was taken to the decree. This point appears to us to be well taken. *Redding v. Page*, 52 Iowa, 407, 3 N. W. Rep. 427; *Spelman v. Gill*, 75 Iowa, 717, 38 N. W. Rep. 168. It will be understood that, as there is no right to a trial anew, the case cannot be heard, except upon exceptions properly taken. It is urged, however, that the appellants, by motion in the court below, procured the record to be amended so as to show that there was an exception to the decree. It is true, such an order was made upon a motion filed more than a year after the decree was entered. Section 179 of the Code provides that "entries made, approved, and signed at a previous term can be altered only to correct an evident mistake." We have all the evidence introduced on this motion, and it does not appear to us to be sufficient to authorize an exception to be added to the decree. As it appears to us, the evidence shows that the decree was entered just as it was with the knowledge of counsel who then represented the appellants, and after he had personally

examined it.   But whether an exception was taken to the decree or not is not material, as the transcript of the evidence was not filed within the proper time.

III.   Appellants make the question that the district court had no jurisdiction to entertain the action, because it should have been presented to the county superintendent of schools.   We do not think it proper that we should determine this question, upon the present condition of the record.   The decree of the district court is *affirmed*.