DANIEL B. NASH, Appellant, v. BENJAMIN STEVENS, *et al.*

**Statute of Limitations:** FRAUD. Under Code, 2529 and 2530, relief against a fraudulent conveyance is barred in five years after the fraud is discovered, and such discovery occurs as soon as the creditor learns of facts, which, in connection with the constructive notice imparted by the record of the deed, suggests fraud or an inquiry which, if pursued with reasonable diligence, will discover fraud.

EXEMPTIONS. It is not a fraud upon creditors for a husband to give his exempt earnings to his wife.

*Appeal from Sac District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

WEDNESDAY, JANUARY 22, 1896.

Action in equity to subject land to the payment of a judgment. There was a hearing on the merits, and a decree for the defendants. The plaintiff appeals. —*Affirmed.*

*R. M. Hunter* for appellant.

*S. M. Elwood* for appellees.

Robinson, J.—On and before the first day of June, 1875, the defendant Benjamin Stevens was indebted to the plaintiff in the sum of two hundred dollars. In August, 1875, the plaintiff commenced in the district court of Tama county an action on the indebtedness, to recover the amount due, and in February, 1877, he recovered against Stevens judgment for two hundred dollars and costs. On the nineteenth day of June, 1875, Stevens purchased an improved farm, of one hundred and sixty acres, situated in Tama county, for the agreed consideration of two thousand four hundred dollars. In payment he gave a note for six hundred dollars, made by himself and a surety, and notes for the aggregate sum of one thousand eight hundred dollars, secured by a mortgage on the land. Three days after the action against Stevens on the indebtedness stated was commenced, and before he had paid any part of the purchase price of the land, he conveyed it to his wife and co-defendant, Maggie Stevens, by a deed which was duly recorded on the following day. The deed recited a consideration of six hundred dollars, and was subject to the mortgage of one thousand eight hundred dollars. Mrs. Stevens paid nothing for the land at that time, but assumed the payment of the notes her husband had given for it. In the year 1876 she sold the north half of the quarter section for one thousand dollars, which she applied on the mortgage debt. In the year 1882 she sold the remainder of the land and purchased a farm of one hundred and twenty acres in Sac county, of which forty acres were broken. Improvements have been made on that, and it has been occupied by the defendants as a home since the spring of 1883. The judgment rendered against

Stevens in February, 1877, is unpaid, and this action was commenced in September, 1891, to subject the Sac county land to the payment of the judgment.

The plaintiff contends that the consideration for the Tama county land was really furnished by Stevens, and that his conveyance to his wife was made to hinder and delay his creditors, and was therefore fraudulent, and that the title to the Sac county land was taken in the name of the wife for the same purpose, but that it was purchased with the proceeds of the Tama county land, and should be subject to the payment of the plaintiff's judgment, and a decree to that effect is asked. The defendants claim that the wife paid for the Tama county land its full value, and that there is no ground for granting the relief for which the plaintiff asks, and that the action is barred by the statute of limitations. The defense last stated is the only one we find it necessary to consider. The plaintiff insists that it was not sufficiently pleaded, but we are of the opinion that it was, especially in the absence of objection made in the district court. Actions in equity for relief on the ground of fraud are barred in five years after the fraud is discovered. Code, sections 2529(4), 2530. The law does not contemplate actual knowledge of the fraud before the statute shall begin to run, but such knowledge or notice as would lead a man of reasonable prudence to make inquiries which would disclose the fraud. *Hawley v. Page*, 77 Iowa, 240 (42 N. W. Rep. 193). The recording of the deed imparts constructive notice of its contents. If the facts thus shown, taken with other facts known to the creditors, are of a character to suggest fraud as to them, they must be charged with the knowledge which inquiry made with reasonable diligence would disclose. *Laird v. Kilbourne*, 70 Iowa, 83 (30 N. W. Rep. 9); *Hawley v. Page, supra; Sims v. Gray*, 93 Iowa, 38 (61 N. W. Rep. 171). In this case the Tama county land was

situated in the county in which the action against the husband was pending, and was conveyed to the wife three days after the action was commenced, and within three months of its purchase by the husband. They had but little property, the wife having not more than three hundred dollars. They continued to reside on the farm, and there was no apparent reason for the change in the title thereto, unless to protect it from the plaintiff. It is not shown that he was in any manner deceived in regard to the property of the wife. Certainly the facts recited were sufficient to cause a man of ordinary prudence, situated as the plaintiff was, to make inquiries which would have shown the fraud, if any, in the conveyance. And this is true with respect to the subsequent acquiring of title to the Sac county land. Both these transactions occurred more than five years before the commencement of this action. It is said, however, that the fraud alleged was continuous, for that the earnings of the husband were placed in the name of the wife from the time the conveyances were made until this action was commenced. But the earnings of the husband were exempt from execution, and it was his right to give them to his wife free from the claims of his creditors. *Jamison v. Weaver*, 87 Iowa, 79 (53 N. W. Rep. 1076). We do not hold that fraud in the transaction in question has been shown. There is much support in the record for the claim that Mrs. Stevens agreed to pay for the Tama county land its fair value at that time, and that the property she now owns was derived in part from money which she had when she was married, in part from the increase of the value of the land in both Tama and Sac counties after it was purchased by her, in part to the labor of her husband, and in part to her own personal exertions. But we need not determine the facts in regard to this. The plaintiff has failed to use the diligence in.

prosecuting his claim which the law requires, and it is now barred by the lapse of time. The decree of the district court is *affirmed*.