POWERS ET AL V. THE COUNTY OF O'BRIEN ET AL.

1. **Practice in the Supreme Court**: EQUITY CASES: ASSIGNMENT OF ERRORS. Where a party in an equity case stands upon the ruling on a motion or demurrer, and appeals therefrom, exceptions should be taken and errors assigned.

*Appeal from O'Brien District Court.*

WEDNESDAY, OCTOBER 6.

THE plaintiffs, being two hundred citizens of O'Brien county, and each being owners of separate tracts of land in said county, brought their action in the court below, and in their petition set forth that the said county had incurred indebtedness largely in excess of the five per cent constitutional limit. They asked that all bonds issued by the county, and all outstanding warrants in excess of said five per cent, be declared null and void as against plaintiffs and their property; that the county officers of defendant be restrained by injunction from paying, or assisting in paying, and from levying and collecting any tax for the purpose of paying, in any manner, said indebtedness or any indebtedness of said county in excess of said constitutional limit. An injunction was allowed as prayed.

The defendants moved to dissolve or modify the injunction, and to require the plaintiffs to elect which one of them would proceed with the action, and to strike from the petition the names of all the others upon the ground that plaintiffs have separate and distinct interests, and cannot join in one action. The motions were sustained in part. Plaintiffs appeal.

*Miller & Godfrey,* for appellant.

*Joy & Wright,* for appellees.

ROTHROCK, J.—In order that it may be understood what the defendants were enjoined from doing, it is necessary to set out the injunction. It is as follows:

" The defendants are hereby enjoined and restrained from paying, or assisting in paying, and from levying or collecting any tax for the purpose of paying, or in any manner by reason of the indebtedness of O'Brien county which has been created or become due since the 15th of October, 1861, and is in excess of five per centum upon the taxable value of the property of said county, to be ascertained by the last state and county tax lists, previous to incurring of said indebtedness of the said county of O'Brien, exceeding the five per centum of the taxable value of the property within said county as ascertained or shown by the last state and county tax lists, previous to the incurring of such indebtedness, until the further order of our District Court of the State of Iowa in the premises, etc."

The following is a copy of the order of the court modifying the injunction:

" Now, at this time, to-wit, December 2, 1878, comes on to be heard, on the motion of the county of O'Brien and the members of the board of supervisors, the auditor and treasurer thereof, to dissolve the injunction heretofore granted in said case, and in case of a refusal to dissolve the same, that the injunction heretofore issued be modified, and the court, after hearing the arguments of counsel thereon, overrules motion to dissolve the injunction, and continues the same in force as modified until the amendments of the petition to be made within ten days under the order of the court, to which ruling of the court the said defendant excepts. And it was further ordered that the injunction heretofore issued be so modified as not to prevent the officers of the county from paying the ordinary expenses of the county, and that the officers of the county be, and are not enjoined from levying and collecting taxes for the payment of the judgment bonds and the funding bonds issued in payment of judgments rendered against the county, to which plaintiff excepts, and that the injunction be, and is, limited to the levy and collection only of taxes upon the property described in the petition in this cause. And it is further ordered,

that upon the election of the plaintiffs, as to who shall remain plaintiff and prosecute this action, the injunction shall be dissolved as to all the other parties named in the petition and their property."

The foregoing is the copy of the order as contained in appellee's additional abstract, and we do not understand counsel for appellant to deny its correctness. It will be seen that no exception is noted to that part of the order which sustains the motion to compel plaintiffs to elect which one of them shall proceed to prosecute the action. Indeed it does not appear from anything of record in the court below, what action the plaintiff took in the matter of this part of the order. We can only infer that they elected not to strike all the names but one from the petition, from the fact that they appealed. No errors are assigned upon this, nor upon any other ruling in the motion.

1. PRACTICE in the supreme court: equity cases: assignment of error.

Counsel for appellants in their argument assail the order requiring them to strike out from the petition the names of all the plaintiffs but one, and also that part of the order modifying the injunction. The appellees meet the argument by contending that these questions cannot be considered, because of the want of exceptions, and assignments of error. Appellants reply that this is an equitable action triable anew in this court, and not upon errors assigned. This is unmistakably correct where there has been a trial upon the merits. Section 4, article 5 of the constitution invests the Supreme Court with appellate jurisdiction in cases in chancery, and constitutes it a court for the correction of errors at law. Section 2831 of the Code requires exceptions to be taken to a decision of the court on matter of law, but provides that "in an equitable action, tried on written testimony, no exception shall be required. By section 2742, as amended by chapter 145, Laws of 1878, it is provided that in equitable actions wherein issue of fact is joined, the evidence shall be taken in writing, and be made of record, and go on appeal to the Supreme Court, which shall try the case anew.

When an equitable case is tried anew upon an appeal to this court, that is ordinarily an end of the controversy. It is a trial anew of the whole controversy between the parties. But where there is an appeal from an order sustaining or overruling a demurrer or motion, and there has been no trial anew in this court of the whole controversy, the general rule is that the cause is left in such condition as to require that it be remanded for a trial in accord with the opinion of this court. This case is a good illustration of the rule. Here we have a motion attacking the petition for misjoinder of parties. Whatever view this court might take of that question, the cause must be remanded for trial in the court below.

We think, considering these sections of the statute together, in connection with the constitutional provision, exceptions should be taken, and errors assigned, whenever a party in an equity case stands upon the ruling upon a motion or demurrer and appeals therefrom. It is an important question of practice which has before been broached, but not determined. *Finch v. Hollinger*, 47 Iowa, 173. Its importance consists not so much in the rights involved as in settling a rule for future guidance in appeals in chancery cases, and we think the rule we here establish will tend to a better and more certain administration of the law. The question is fairly made in this case, and it is well, perhaps, that it is so made, for we are unable to discover that its determination will, in the end, prejudice the appellants, or prevent them from litigating all the questions involved in this controversy.

Because no exceptions were taken to that part of the order requiring plaintiffs to elect which would proceed, and no errors are assigned upon any of the rulings, the order of the court below must be

AFFIRMED.