## PATTERSON v. JACK.

1. **Appeal to Supreme Court:** TIME OF PERFECTING. A notice of appeal to the Supreme Court, filed six months and ten days after the date of the judgment appealed from, is too late under section 3173 of the Code.

2. **New Trial:** MOTION FOR: WHEN MADE. A motion for a new trial, except on the ground of newly discovered evidence, cannot, under section 2838 of the Code, be made four months after the rendition of the judgment in the case.

3. ———: NEWLY DISCOVERED EVIDENCE: AFFIDAVIT. When a motion for a new trial is made on the ground of newly discovered evidence, it must be supported by affidavit.

4. **Appeal to the Supreme Court:** FROM MOTION IN EQUITY CASE: ERRORS MUST BE ASSIGNED. When an appeal is taken to the Supreme Court in an equity case from a ruling on a motion or demurrer, errors must be assigned.

5. ———: ———: INSUFFICIENT ASSIGNMENT OF ERRORS. Where, in a motion for a new trial, six grounds are relied on, an assignment of errors in this form: "The court erred in overruling defendant's motion for a new trial, and to modify and amend the decree," is not sufficiently specific.

*Appeal from Jasper District Court.*

FRIDAY, OCTOBER 20.

THIS is an action in equity to recover of the defendants, Julia A. and A. J. Jack, damages for an alleged failure to complete according to contract a certain building in the city of Des Moines. The court adjudged that the plaintiff recover of the defendant, Julia A. Jack, four hundred and sixty-two dollars. The defendant, Julia A. Jack, appeals. The facts are stated in the opinion.

*Winslow & Wilson,* for appellant.

*H. S. Wilcox,* for appellee.

DAY, J.—The judgment was entered in this case on the 20th day of September, 1881. On the 11th day of January,

1882, the defendants filed a motion as follows: "Come now the defendants and move the court for a new trial and examination of the issues in this cause for the following causes affecting the substantial rights of the defendant, to-wit:

"1. Irregularity in the proceedings of the prevailing party by which the defendant was prevented from having a fair trial.

"2. Misconduct of the prevailing party and his attorney.

"3. Accidents which ordinary prudence could not have guarded against.

"4. Error in the assessment of the amount of recovery.

"5. That the decision is not sustained by sufficient evidence, and is contrary to law.

"6. Newly discovered evidence."

This motion was overruled on the 22d day of February, 1882. On the 30th day of March, 1882, the defendant, Julia A. Jack, caused to be served a notice that she "has appealed from the judgment of the District Court in the above entitled cause."

I. Section 3173 of the Code provides: "Appeals from the District and Circuit Courts may be taken to the Supreme Court at any time within six months from the rendition of the judgment or order appealed from, and not afterwards." From the 20th day of September, 1881, when the decree in this case was filed in the court below, to the 30th day of March, 1882, when the notice of appeal was served, is six months and ten days. The appeal was not taken in time to have a review of any of the proceedings which culminated in the decree. No trial *de novo* can be had upon this appeal. See *Cohol v. Allen*, 37 Iowa, 449.

II. If the appeal be regarded as from the order of the court refusing to grant a new trial, the order of the court below must be affirmed for the following reasons:

*First.* The motion was not made until nearly four months after the judgment was rendered. It was therefore too late to be considered for any cause except the last. Code, § 2838;

*Boardman v. Beckwith,* 18 Iowa, 292; *Clinton National Bank v. Graves,* 48 Id., 228.

*Second.* As to the last ground, newly discovered evidence, it is altogether unsupported by affidavit or otherwise.

*Third.* When an appeal is taken in an equity case from a ruling upon a motion or demurrer, errors must be assigned. *Powers v. The County of O'Brien,* 54 Iowa, 501. All of the errors assigned relate to matters inhering in the original judgment, except the last which is as follows:

"The court erred in overruling defendant's motion for a new trial, and to modify and amend the decree." In the motion for a new trial, six distinct grounds are relied upon. This assignment of error is not sufficiently specific. See Code, § 3207. The appeal, in so far as it is regarded as an appeal from the principal judgment, is dismissed. The order of the court overrulling the motion for a new trial is

AFFIRMED.