## EARLY v. BURT ET AL.

1. **Consideration**: RELEASE OF PARTNER: AGREEMENT OF OTHER PARTNER TO PAY DEBT. The promise of one partner to pay a debt for which he is already bound is no consideration for an agreement to release the other partner.

2. **Pleading**: MATERIAL ALLEGATIONS ADMITTED: DENIAL OF OTHERS IMMATERIAL: JUDGMENT ON PLEADINGS. Where the material allegations of a petition are admitted, a general denial of all other allegations raises no issue for trial, and judgment may properly be rendered upon the pleadings.

3. **Mechanic's Lien**: FORECLOSURE: FORM OF JUDGMENT: SEPARATE SALE OF BUILDING. Where the defendant in a mechanic's lien foreclosure is the owner of both the land and the building, and there is no prior lien on the land, it is error to order the sale of the building alone, because its removal from the land would defeat the owner's right of redemption.

4. **Practice in Supreme Court**: EQUITABLE CAUSE: APPEAL FROM JUDGMENT ON PLEADINGS: ASSIGNMENT OF ERROR. Where the appeal

is from a judgment rendered on the admissions and allegations of the pleadings in an equity case, and the cause is in this court for trial *de novo* on those allegations and admissions, no assignment of error is necessary. *Powers v. O'Brien County*, 54 Iowa, 501, distinguished.

## Appeal from Sac Circuit Court.

## Friday, April 23.

ACTION in equity on an account for building materials, and for the foreclosure of a mechanic's lien. The petition alleges that the materials were furnished under a contract with defendants, who were partners in the erection of the building in which it was used, and that said building was erected on a lot of which defendant Burt was in possession under a contract for the purchase thereof. Defendants filed an answer, in which they admitted the purchase of the materials by them as partners, and that it was used in the erection of the building described in the petition, and was of the value alleged in the petition; also that plaintiff had filed the affidavit and statement of account required by the statute for the preservation of his mechanic's lien; but they allege that Burt was the owner of the lot on which the building was erected, and that it was erected for him, and that the only connection which Satterlee and the firm of Burt & Satterlee had in the building was as contractors with Burt for its erection. They also allege that, upon the dissolution of their partnership and the settlement of their partnership affairs, it was found that they were indebted to plaintiff in the amount of his account, and that it was then agreed between them and plaintiff that, in consideration of the undertaking of Burt to pay said indebtedness, plaintiff would release the partnership and Satterlee from liability thereon, and look to Burt alone for payment; and that Satterlee, relying upon this promise, with plaintiff's knowledge and consent, extended credit to Burt for $300, and accepted as security for the same a mortgage on said premises. The answer also contains a denial of all allegations of the petition not

admitted therein.  Plaintiff filed a demurrer to the answer.
He also moved for judgment in his favor on the pleadings.
The circuit court sustained both the demurrer and the mo-
tion, and entered judgment in plaintiff's favor against the
firm of Burt & Satterlee for the amount of the account, and
for the foreclosure of his mechanic's lien on the building.
The judgment provides for the sale of the building on special
execution; also that the purchaser shall have the right to
remove the same from the lot within four months from the
date of the judgment.  Defendants appeal.

*Charles Goldsmith*, for appellants.

*E. R. Duffie* and *R. M. Hunter*, for appellee.

REED, J.—It has not been claimed in this court that either
Satterlee or the firm of Burt & Satterlee were discharged
from liability on the account in suit by the agree-
ment pleaded in the answer.  The undertaking
of Burt to pay the debt did not constitute a con-
sideration for the promise of plaintiff to release
the firm and Satterlee from liability therefor, for the reason
that Burt, as a member of the firm, was already bound for
the amount.  His undertaking was simply a promise to pay
a debt for which he was already liable.  Counsel for defend-
ants contends, however, that the denial contained in the
answer puts in issue some of the material allega-
tions of the petition, and hence plaintiff was not
entitled to judgment on the pleadings.  But we
think the answer admits every fact material to
plaintiff's right of recovery.  It admits the purchase of the
material by the partnership, and that it was used in the erec-
tion of the building described in the petition.  It also admits
that the material was of the value stated in the account, and
that the debt had not been paid, and that the affidavit and
statement necessary for the preservation of the mechanic's
lien had been filed; and it alleges that the lot on which the

*[margin note: 1. CONSIDERA-TION: release of partner: agreement of other partner to pay debt.]*

*[margin note: 2. PLEADING: material allegations admitted: denial of others immaterial: judgment on pleadings.]*

building was erected was the property of the defendant Burt. Under these admissions and allegations the plaintiff was not required to prove any fact in order to establish his right to judgment, and no fact was pleaded which avoided his right of recovery. The ruling of the court on the demurrer and motion for judgment was therefore clearly right.

II. We think, however, that the circuit court erred in foreclosing the lien on the building alone, and in ordering its

**3. MECHANIC'S lien : foreclosure: form of judgment: separate sale of building.** sale, and in empowering the purchaser to remove it from the lot. The allegation in the answer that the lot upon which the building was erected was the property of Burt must be taken as true. The mechanic's lien therefore attached to the lot, as well as the building, (see sections 3 and 4, Mechanic's Lien Law; chapter 8, tit. 14, McClain's Code,) and it was the owner's right to have the whole property sold for the satisfaction of the debt. By the sale of the building alone, and its removal from the premises, as provided in the judgment, his right to redeem from the sale would be defeated. When there is a prior lien upon the land, the court is empowered, by subdivision 4 of section 9 of the act, to order the sale of the building alone for the satisfaction of the debt secured by the mechanic's lien, and to provide for its removal from the premises. But it does not appear in the present case that there was such prior lien, and, in the absence of a showing of that fact, the judgment should have established the lien upon the lot as well as on the building, and provided for the sale of the real estate in satisfaction of the debt.

There is no assignment of error which raises the question as to the correctness of the judgment entered by the circuit

**4. PRACTICE in supreme court: equitable cause: appeal from judgment on pleadings: assignment of error.** court. But we do not think such assignment is necessary. The cause is an equitable action, and the appeal is from the judgment rendered by the circuit court. The judgment was entered on the admissions and allegations of the pleadings, and the cause is here triable *de novo* on those allegations and ad-

missions.  The cause is not within the rule established in *Powers v. O'Brien Co.*, 54 Iowa, 501, that, when a party in an equitable action stands upon the ruling on a motion or demurrer, in order to have a review of the ruling in this court, exceptions must be taken, and error assigned thereon.

The judgment of the circuit court will be modified in the respect herein indicated.  The cause will be remanded to the circuit court for that purpose, or, at plaintiff's election, final judgment will be entered here.

MODIFIED AND AFFIRMED.