COOK v. DES MOINES COUNTY ET AL.

1. **Counties**: EXPENDITURE OF MONEY BY SUPERVISORS: STATUTORY LIMIT: "REPAIR" OF JAIL. Where a county owns a jail-building, its supervisors cannot, without an approving vote of the electors, enter into a valid contract for the erection of movable iron cells for use in such building, at a cost exceeding $5,000. Such cells cannot be regarded as repairs to the building, within the meaning of the statute. (Compare Code, § 303, Subds. 5, 24.)

*Appeal from Des Moines Circuit Court.*

FRIDAY, DECEMBER 3.

ACTION IN EQUITY. From an order allowing a temporary injunction the defendants appeal.

*S. L. Glasgow, Poor & Baldwin* and *Hall & Huston,* for appellants.

*P. Henry Smythe & Son, Hedge & Blythe* and *Jas. I. Gilbert,* for appellee.

SEEVERS, J.—The petition states that on the seventh day of April, 1886, the board of supervisors of the defendant county entered into a written contract with the defendant Nundt to construct certain improvements and betterments in the county jail, in consideration of the payment to him of

$1,250 in cash, and $7,500 in county warrants, payable, with six per cent interest, on or before seven years after date; that said contract was not submitted to a vote of the people, and therefore is not binding on the county and tax-payers thereof. The relief asked is that the defendants be enjoined from proceeding further under said contract. The contract provides for the erection in the "cell room of the jail   *   *   * eight cells, furnished complete, ready for occupancy,   *   *   * in accordance with the specifications hereto attached." The answer admits the execution of the contract "without obtaining any authority therefor by special vote of the people of the county." It is further stated in the answer that the county owns a building constructed of brick and stone, used as a jail; that the same is insecure, and has been condemned because of its insecurity by the grand jury; that the county, because of the insecure condition of said building, has been compelled to expend annually from $1,200 to $1,600 for guarding the prisoners confined in said jail; that, acting according to their best judgment, and in the interest solely of the people of said county, the board of supervisors, for and on behalf of the county, entered into the contract; that the cells provided for are in the shape of cages, are portable and adjustable, and are not to be built into or attached to the building as a part thereof, but are simply to be placed upon the floor, and may be taken out and used in any other building; that the board deemed it prudent, economical, and for the best interests of the county, that said cells should be procured. Upon the foregoing pleadings alone a temporary injunction was granted, to which the defendants excepted, and have appealed therefrom.

I. Appellee contends that, as the question to be determined is purely legal, and as no errors have been assigned, there is nothing for the court to determine. In support of this proposition, *Powers v. O'Brien Co.*, 54 Iowa, 501, and *Patterson v. Jack*, 59 Iowa, 632, are cited. We do not deem it necessary to determine this question.

II. It is provided by statute that counties may acquire property, and make all contracts necessary or expedient for the management and control of the same, and to build and keep in repair the necessary buildings for the use of the county and courts; but it shall not be competent for the board of supervisors to order the erection of a court-house, jail, poorhouse, or other buildings, or bridge, when the probable cost will exceed $5,000, nor purchase real estate for county purposes exceeding $2,000 in value, until a proposition therefor shall have been first submitted to the legal voters of the county. Code, §§ 279, 303, subds. 5, 24.

As the contract does not contemplate the erection of a jail or county building, it is practically contended by counsel for the appellant that the discretion of the supervisors is unlimited; that is to say, that no limit has been placed on the amount they may expend for the repair of a building. If this is not said in words, it is the logical result of counsel's argument. We cannot believe that this is the proper construction of the statute, which must be read and construed together. The power to repair should be limited to such repairs as are incidental to all property to protect and preserve it. It cannot be supposed that, while there is a prohibition as to the amount that can be expended for the purpose of erecting a jail, it was intended that a much larger sum could be lawfully expended in repairing an existing jail. But, be this as it may, the contract does not, strictly speaking, provide for the repair of a building, but the cells should be regarded as additions thereto. They evidently were designed to be independent structures, placed, it is true, in an existing building, but capable of being removed therefrom at any time. The building was just as perfect without as with them. The building itself would be no more secure after than before the construction of the cells. It is the latter only that give the additional security, and the fact that the county owns a building will not authorize it to construct another building within the one in existence, and claim that in so doing it is

repairing the original building; and these cells, as it is shown they were to be constructed, amount precisely to that, and nothing more or less.

AFFIRMED.