MARY J. FINK, Appellant, v. MARY MOHN *et al.,* Appellees.

Appeal: ASSIGNMENTS OF ERROR.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

WEDNESDAY, MAY 25, 1892.

THE plaintiff filed her petition in equity, to which the defendants demurred upon the grounds, among others, that the petition shows on its face that the plaintiff is not entitled to the relief demanded, nor to any relief; that it shows that John Fink, the deceased, made no false representation as to any existing fact to induce the plaintiff to sign the deed;

and that it shows that the plaintiff's claim, if she ever had one, is barred by the statute of limitations. The demurrer was sustained on these grounds, to which plaintiff excepted, refusing to further plead. Judgment was entered dismissing her action and for costs, from which she appeals. — *Dismissed.*

*Wm. G. Thompson,* for appellant.

*C. W. Kepler,* for appellees.

GIVEN, J.—The appellees move to strike the appellant's abstract and argument because no errors had been assigned or pointed out, and because no argument has been made by appellant on any errors assigned. By referring to Code section 2742, it will be seen that it is only "in equitable actions, wherein issue of fact is joined," that the case is triable anew in this court. The case is not before us on issues of fact, for none were ever joined. The appeal is from a ruling on the defendants' demurrer to the plaintiff's petition. In *Powers v. O'Brien County,* 54 Iowa, 501, and *Patterson v. Jack,* 59 Iowa, 632, it was held that on appeal in an equitable case from a ruling upon motion or demurrer, exceptions must be taken and errors assigned as in an action by ordinary proceedings, and the hearing will be only upon errors assigned. This case furnishes an apt illustration of the propriety of the rule. The appellant's petition is quite lengthy, embracing ten paragraphs, covering six closely-printed pages. The appellant has not pointed out, either by assignment of errors or in argument, wherein it is claimed that the court erred in sustaining the demurrer. The appellees' motion to strike the abstract is sustained, and the appeal DISMISSED.