THE EXCHANGE BANK, Appellant, v; RICHARD E. POT-
TORFE, *et al.*

**Practice Supreme Court:** ASSIGNMENT OF ERRORS.  An appeal from a
1 judgment sustaining a demurrer to a petition in equity cannot be
tried *de novo* and must be decided upon assignments.

WAIVER.  Rule Supreme Court, 51, requires assignments to be served
when the abstract is filed, and Code, 3183, allows the serving and
filing of the same till ten days before the trial term.  *Held*, a
2 failure to assign errors at all is not waived because appellee
fails to object to the absence of an assignment when the abstract
is served upon him more than ten days before the trial term.

*Appeal from Davis District Court.*—HON. H. C. TRAV-
ERSE, Judge.

THURSDAY, DECEMBER 12, 1895.

Appellants' abstract shows that on August 16,
1894, plaintiff filed a petition alleging, in substance,
as follows:  That about September, 1886, Banks M.
Winton died intestate, leaving Nellie M. Winton, his
widow, and Charles, Jessie, and Ralph Winton,
minors, his only children, surviving him.  That he
died seized of a certain forty-acre tract of land, occu-
pied as a homestead, and an undivided five-ninths
interest in two other forty-acre tracts, cornering with
each other, and with said homestead forty.  He left
personal property equal to the ordinary exemptions
to a widow.  There was no administration on the
estate.  The widow voluntarily paid all the debts, and
continued to occupy said homestead and to cultivate
the other two forties in connection therewith, up to
the time of her death.  About one year after the death
of Winton, the widow married the defendant Richard
E. Pottorfe, who thereafter lived with her on said
land, up to the time of her death.  Two children, the
defendants Lola and Myrtle Pottorfe, are the fruits of

said marriage. About November, 1888, the widow and her husband, Richard E. Pottorfe, joined in a mortgage to Amos Steckle, trustee, on the undivided one-third of the estate in said land of which Banks M. Winton died seized, to secure a loan of two hundred dollars in money. This action is to establish and foreclose said mortgage against the widow's one-third in said real estate. In May, 1892, Mrs. Pottorfe died testate, leaving Richard E. Pottorfe and all of her said children surviving her. In her will she bequeathed to her said five children "my interest in the Winton farm and pastures, and all my real estate equally between them." It is alleged that said widow at all times claimed a distributive share in said real estate, but did not have it set apart, as it would have reduced her ability to support her family, and that she never elected to take a life estate or mere homestead interest in said property. Lola and Myrtle Pottorfe, by their guardian *ad litem*, filed a cross petition, claiming an interest, as heirs of their mother, in her distributive share in said land. The defendants, the Winton minors, by their guardian *ad litem*, demurred to the plaintiff's petition on the ground that it shows that Mrs. Pottorfe elected to take and accepted a homestead interest in said land in place of a distributive share, and that all interest that she had therein, and all liens of the plaintiff thereon, terminated at the death of Mrs. Pottorfe; also, that said petition shows that the defendants Richard, Lola, and Myrtle Pottorfe have no interest in said land. Said defendants Wintons also filed a separate demurrer to said cross petition upon the same grounds. These demurrers were sustained, and judgment entered dismissing plaintiff's petition and said cross petition, and against plaintiff for costs, to all of which plaintiff and said Pottorfe minors excepted, and from which they appeal.

*Amos Steckle* for plaintiff appellant.

*F. W. Eichelberger,* guardian *ad litem,* for Pottorfe minors appellants.

*Carruthers & Rominger* and *Scarborough & Sharp* for appellees.

Given, C. J.—On May 13, 1895, appellees filed a motion to dismiss this appeal for the reason that appellants had not made, served, or filed any assignment of errors. Section 4, article 5, of the constitution, invests this court with appellate jurisdiction in cases in chancery, and constitutes it a court for the correction of errors at law. Section 2742 of the Code provides that in equitable actions, wherein issues of fact are joined, the evidence shall be taken in writing, be made part of the record, "and go on appeal to the supreme court, which shall try the cause anew." It is certainly clear that it is only in equity cases, wherein issues of fact are joined, and evidence taken upon those issues, that this court can try the case anew, and that in all other cases appeals are allowed for the correction of errors at law only, whether the case be at law or in equity. In cases triable anew, neither exceptions nor assignments of errors are required, as this court considers the case without regard to the rulings of the lower court. It is not questioned but on appeals for the correction of errors at law this court will only consider such rulings of the trial court as were excepted to, and are specifically assigned as error and argued. Nor is it questioned but that in such cases the appeal may be dismissed for a failure to serve and file an assignment of errors ten days before the first day of the trial term. Code, section 3183. The contention is whether this case is before us for trial anew. We have seen that no

issue of fact was joined, and no evidence taken. The appeal is from rulings upon demurrers, presenting the question whether in law the matters alleged show an election on the part of Mrs. Pottorfe to take a homestead interest, instead of a distributive share. In *Powers v. O'Brien Co.*, 54 Iowa, 501 (6 N. W. Rep. 720), this court said, "Exceptions should be taken and errors assigned whenever a party in an equity case stands upon the ruling upon a motion or demurrer, and appeals therefrom." See, also, *Patterson v. Jack*, 59 Iowa, 632 (13 N. W. Rep. 724). Appellants cite and rely upon *Early v. Burt*, 68 Iowa, 717 (28 N. W. Rep. 35), which was an action in equity to foreclose a mechanic's lien, and in which judgment had been entered for plaintiff on the pleadings. The court says: "There is no assignment of error which raises the question as to the correctness of the judgment entered by the circuit court. But we do not think such assignment is necessary. The cause is an equitable action, and the appeal is from the judgment rendered by the circuit court. The judgment was entered on the admissions and allegations of the pleadings, and the cause is here triable *de novo* on those allegations and admissions. The cause is not within the rule established in *Powers v. O'Brien Co.*, 54 Iowa, 501 (6 N. W. Rep. 720), that when a party in an equitable action stands upon the ruling on a motion or demurrer, in order to have a review of the ruling in this court, exceptions must be taken, and error assigned thereon." Admissions by a demurrer are for the purposes of the demurrer only, and never take the place of evidence, but admissions in a pleading are evidence of the facts admitted. The *Case of Early* recognizes the distinction between the cases, and affirms the rule announced in *Powers' Case*. This case is not before us for trial anew, but only for corrections of errors at

law, and, under the well-recognized practice, an assignment of errors should have been served and filed.

Appellants insist that, under the facts touching the proceedings in this court, appellees should be held to have waived an assignment of errors. The facts relied upon are these: Appellants' abstract, without any assignment of errors, was filed September 15, and its argument October 10, 1894. Appellees' argument was filed April 23, and this motion to dismiss the appeal May 13, 1895. The May term, 1895, commencing May fourteenth, was the trial term, and this case was assigned for hearing on that day. Under section 53 of the rules of this court appellees were required to serve their argument "at least ten days before the hearing," that is, before May fourth. Under section 3183 of the Code, appellants had until "10 days before the first day of the trial term" in which to file and serve an assignment of errors, which was until May 4, 1895. Section 51 of said rules provides that, "in all cases where an assignment of errors is necessary, the same should be served upon the opposite party or counsel at the time the abstract is filed." This rule does not, in view of the provisions of said section 3183, and could not, unqualifiedly, require assignments of error to be served and filed with the abstract. It only provides that it "should be," and specifies consequences which the court may, in its discretion, impose for failure to do so. It surely cannot be said that this rule deprives appellant of the right given in said section 3183 to file their assignment of errors at any time prior to ten days preceding the first day of the trial term. While appellees might have made their motion under section 51, they were not required to anticipate that appellant would not file an assignment of errors within the time allowed in said section 3183. We do not think they should be held to have waived an assignment of errors

by not objecting because of the absence thereof prior to May fourth,—the time to which appellant had a right to file the same. Appellant cites *Andrews v. Burdick,* 62 Iowa, 714 (16 N. W. Rep. 275), in which the appellee was held to have waived an assignment of errors. That case was in equity to enforce a mechanic's lien, and the appeal was based upon a certificate of the trial judge of certain questions of law. The case was fully argued on the questions certified, and appellee, after discussing the points presented by appellant, at the close of the argument, made the objection that no assignment of errors had been made. The court held that appellee ought to be regarded as having waived an assignment of errors. It does not appear whether appellee's argument, in which the objection was made, was served and filed before or after the expiration of the time for filing an assignment of errors. That appeal being upon certificate, wherein the questions of law to be determined were as specifically pointed out as could be in an assignment of errors, there was surely less, if any, need for an assignment than in other cases, and this fact had much to do with the conclusion that appellees had waived the assignment,—a reason that does not apply in this case. True, the court says in that case that it does not decide "whether an assignment of errors is necessary in chancery cases, wherein questions are certified under Code, section 3173;" yet it is clear that the fact that an assignment of errors would serve but little, if any, purpose on such an appeal had much to do with the conclusion announced. For the reasons already stated, we are of the opinion that an assignment of errors should have been made in this case, that the making of such an assignment was not waived, and that, therefore, the motion of the appellees to dismiss the appeal must be sustained.— *Dismissed.*