JENNIE H. WILLIAMS, Plaintiff, v. DES MOINES LOAN & TRUST COMPANY, Defendant, E. S. WISHARD, Appellant, R. W. MARQUIS, Appellee.

**Payment by Trustee:** WHEN AUTHORIZED. The president of a corporation held certain of its real estate in trust as security for the payment of its indebtedness to him, and all contingent liabilities assumed by him in its behalf. Thereafter he sued a receiver subsequently appointed for the corporation and recovered judgment for $754. The court decreed that he retain possession until the said judgment and other stated indebtedness was satisfied from the proceeds of the property, and found certain contingent liabilities on the president's part, and made arrangements for his protection. The president had purchased certain mortgages on the property, and later made a contract whereby another mortgage was assigned to him, as agent for foreclosure. On the day following such contract he paid $1,500 interest on the last mortgage. The money in his hands at that time was sufficient to have paid his claims, except the contingent liability, which was known to him to be formal only, and which was satisfied shortly thereafter. *Held,* that, though he

may have been entitled to make payments in reduction of superior liens so long as his right of possession continued, his right of possession ceased as soon as the money in his hands was sufficient to meet his actual claims, and the $1,500 payment made subsequently was unauthorized, and he was not entitled to credit therefor.

UNAUTHORIZED PAYMENT OF INTEREST. Assuming that his right to possession continued until the formal contingent liability was satisfied, his authority to pay interest would not continue in the absence of an immediate and pressing demand which could not be satisfied otherwise.

WHO MAY QUESTION VALIDITY OF PAYMENT: *Receiver of cestui que trust.* The president of a corporation held certain of its real estate in trust as security for the payment of its indebtedness to him, and, after the funds in his hands realized from the property were sufficient to pay his claims, made a payment in reduction of a superior lien. Thereafter a receiver was appointed for the corporation. *Held*, that the purchaser of the corporation's assets from such receiver had a right to question the validity of such payment, the corporation not having assented thereto.

ALLOWANCE OF INTEREST. Where the president of a corporation held property in trust as security for the payment of its indebtedness to him, with the right to apply the rents and profits on such indebtedess, he was entitled to interest thereon up to the time that the funds in his hands were sufficient to meet his claim.

Motion in Equity Cause: WHEN ASSIGNMENT OF ERRORS NEEDLESS. Appellant presented an account to the court, coupled with a request in the form of a motion for its approval. Exceptions were filed thereto, evidence offered on the hearing, and certain items disallowed. *Held*, that though a party standing on a motion in an equity case and appealing therefrom, must take exceptions and assign errors, no assignment of errors was necessary in the case stated, the motion being nothing more than a request, which need not have been in writing, and the issue being manifestly one of fact; and this is so though nothing but legal questions are discussed on the hearing on appeal.

*Appeal from Polk District Court.*—HON. THOMAS F. STEVENSON, Judge.

WEDNESDAY, MAY 29, 1901.

E. S. WISHARD, the appellant, was president of the Des Moines Loan & Trust Company. The company owed Wishard certain sums of money, and he was also contingently liable for it on certain obligations signed by him. To secure him it turned over possession of certain real estate, from which Wishard was to receive rents. These were to be disposed of in a manner which will be set out hereafter. After this Marquis, the appellee, succeeded Wishard as president of said company, and a few weeks later this·action of Williams against the Des Moines Loan & Trust Company was begun in equity, in which a receiver was prayed for said company. In March, 1896, R. W. Marquis was appointed such receiver. Later Marquis became the purchaser of the assets of the Des Moines Loan & Trust Company, which included its interest in the real estate so held by Wishard. This controversy arises over a report made by Wishard to the court of his receipts and expenditures in connection with said property. Certain items are excepted to by Marquis as receiver and in his personal capacity. Two items of charge made by Wishard were disallowed by the trial court. In all other respects the exceptions were overruled. From the finding of the court on these two items, Wishard appeals.— *Affirmed.*

*J. K. Macomber* for appellant.

*Charles S. Bradshaw* and *J. C. Hume* for appellee.

WATERMAN, J.—The real estate belonging to the trust company, which was given into the possession of Wishard, consisted of three separate but contiguous lots: First, two dwelling houses, Nos. 512 and 514 West Twelfth street, subject to a mortgage made by a former owner (one Kennedy) for $2,000; second, one dwelling house, No. 1204 High street, subject to a mortgage made by Kennedy for $6,000; and, last, a brick business and apartment block, subject to a mortgage, also made by Ken-

nedy, of $25,000 to the Des Moines Savings Bank. Wishard took possession of this property on October 30, 1895, under a contract of which we have already spoken, the material parts of which are as follows:

"Now, therefore, it is agreed and understood that the said E. S. Wishard is to hold the title, use and possession of said property, with full power of sale, as hereinafter provided, for the payment of the following claims:

"First. For the payment of all sums the company owes the said E. S. Wishard now, or may owe him in the future, including unpaid salary, money advanced, loaned, and deposited, and all liabilities on notes, bonds, and other obligations signed for by the said second party or for its benefit, and also for reasonable compensation for the care and management of said property when not in the employ of the company, and, after the payment of the claims above referred to, then for the payment of the following investors of the company in amounts as hereinafter recited:  H. W. Houghton, $100.00, with int. at 6 per ct. from 4—26—94; Bessie. Williams, $500.00, with int. at 6 per ct. from 1—1—96; Elizabeth W. Lane, $1,500.00, with int, at 6 per ct. from 1—11—95; F. E. Williatts, $1,000.00, with int. at 6 per ct. from 12—18—94; Wm. P. Huston, $500.00, with int. at 6 per ct. from 8—14—95; George E. Woodside, $800.00, with int. at 6 per ct. from 9—28—95; Henry Titus, $700.00, with int. at 6 per ct. from 10—28—95; Mrs. Geo. S. Bellows, 300.00, with int. at 6 per ct. from 10—28—95; William Matlock, $40.00; Ann S. Gill $45.00; Mary L. Terry, $200.00; Clara M. Elliott, $200.00; Illinois Trust and Saving's Bank, trustee, $250.00 owner of loan 2,618, $416.61; Annie W. Stanwood, $189.63; John G. Lane, admst., $200.00.

"After the payment of the claims above named, the remainder, if any, to go to the said second party; and, if the said second party pay the above-named claims, then and in that event the property is to be deeded and conveyed to the

said second party. But, if the above-named claims are not
paid within six months from this date, the said first party
has the right to sell the within-named property for the best
price he is able to obtain, using his judgment as to the best
method of making sale; when sale is made, to deed and con-
vey the property to the purchaser. It is further agreed that
the income of the property be used for such purposes in the
execution of the trust as the first party may deem expedient.

"E. S. Wishard.

"Des Moines Loan & Trust Company,

"By W. L. Read, Vice President."

. Wishard, after taking possession of said real estate, pro-
ceeded to collect rents and pay expenses, and, among other
things, paid $1,000 on the principal of the $6,000 mort-
gage, and also interest on the other mortgages.

On October 20, 1896, in an action pending in the
district court of Polk county in which Marquis, as receiver,.
was plaintiff, and Wishard defendant, and which
involved the correctness of the latter's accounts as
trustee of ths property, a decree was rendered which,
so far as concerns the issues here, is as follows:

"The court further finds that the Des Moines Loan &
Trust Company did effect a trade with Michael Kennedy
for the following described property, to wit: Lot one (1),
block fifty-seven (57), Campbell & McMullen's addition
to the town of Ft. Des Moines, now included in and forming
a part of the city of Des Moines, Iowa; the east one-third
($\frac{1}{3}$) of lot one (1), block two (2), of Young's adition to the
town of Ft. Des Moines, now included in and forming a part
of the city of Des Moines, Iowa; lots one and two (1 and 2)
of block three (3), Smith's addition to the town of Ft. Des
Moines, now included in and forming a part of the city of
Des Moines, Iowa, except a portion from the east side thereof
deeded to the city of Des Moines for street purposes,—and
that, by arrangement between the Des Moines Loan & Trust
Company and E. S. Wishard, Michael Kennedy did on the

11th day of September, A. D. 1895, convey said property to the said E. S. Wishard by deed of conveyance recorded in Book 377, p. 317, of the records of the recorder's office of Polk county, Iowa.  The court further finds that the Des Moines Loan & Trust Company did on the 30th day of October, 1895, adopt a resolution authorizing and directing the said E. S. Wishard to hold the above-described property, and the use thereof, in trust, as security for the payment of all sums of money at that time owed him or might in the future be owed him, including unpaid salary, money advanced, loaned and deposited, and all liabilities on notes, bonds, and other obligations signed for the company or for its benefit, and also for the reasonable compensation for the care and management of said property when not in the employment of the company, and authorizing the said E. S. Wishard in case said claims are not paid within six months, to sell the property for the best price obtainable, and convey the property by proper deed to the purchaser.  The court further finds that the said deed, in connection with the said resolution, constitutes a trust deed or mortgage for the purposes expressed, and that the defendant has elected to treat the same as such. The court further finds that the said E. S. Wishards did on the 1st day of September, 1895, as a part of the contract between Michael Kennedy and the Des Moines Loan & Trust Company for the property above described, enter into a contract with the said Michael Kennedy for the payment to holders of mortgages on said property of the sum of $2,000, $1,000 of which the said Wishard has paid, and the other $1,000 of which will, when paid, diminish to that extent the incumbrance upon said property of the Des Moines Loan & Trust Company, and inure to its benefit.  It is therefore ordered, adjudged, and decreed that E. S. Wishard do have and recover of and from R. W. Marquis, as receiver of the Des Moines Loan & Trust Company, the sum of $754.16, with interest thereon at the rate of six per cent. per annum from

this date, and his costs in this behalf expended and incurred, taxed at ———. It is further ordered, considered, and decreed that the said E. S. Wishard be, and he is hereby, authorized and directed to continue in the possession of said premises, to wit: lot one (1), block fifty-seven (57), of Campbell & McMullen's addition to the town of Ft. Des Moines, now included in and forming a part of the city of Des Moines, Iowa; the east one-third ($\frac{1}{3}$), of lot one .(1), block two (2), of Young's addition to the town of Ft. Des Moines, now included in and forming a part of the city of Des Moines, Iowa; lots one and two (1 and 2) of block three (3) of Smith's addition to the town of Ft. Des Moines, now included in and forming a part of the city of Des Moines, Iowa, except a portion from the east side thereof deeded to the city of Des Moines for street purposes,—to lease, collect rents, and otherwise in every respect care for and look after said property, being allowed therefor compensation at the rate of $25 per month, and that he so continue in possession, and apply the net proceeds to the satisfaction of necessary and running expenses, and his claims against the said defendants, until the same shall be sufficient to satisfy: First, the said judgment of $754.16, with interest and costs; and, second, the said sum of $1,000, which said defendant has assumed to pay the holders of mortgages upon said property. It is further ordered that, whatever the sum the said defendant may collect on account of the assumption of the payment of the said $1,000, he do pay the same over to the holders of said mortgages, to the end that it may be credited thereon, and go to the benefit of the Des Moines Loan & Trust Company. The court further finds that the said E. S. Wishard did sign a bond to the American Surety Company in the city of New York, for the use and benefit of the Des Moines Loan & Trust Company, in the sum of $2,000, from which he has not been released, and which is still a subsisting claim against him. It is therefore further ordered, adjudged, and decreed that this cause be, and the

same is hereby, consolidated with equity cause No. 6,523, pending in this court, wherein Jennie H. Williams is plaintiff and the Des Moines Loan & Trust Company is defendant, for the purpose of making such further orders as may be necessary and proper for the protection of the defendant on account of signing said bond. And the defendant is hereby given leave to apply in said action for such further orders in the premises as he may deem.advisable, including an application for the foreclosure of said trust deed and the sale of said premises if the same shall become necessary; it being understood that the possession of the property shall be subject to change in the future if the interests of all the parties shall require and render the same necessary. To all of which decree the plaintiff excepts, and the defendant excepts to so. much thereof as denies to him attorney's fees and the foreclosure of said trust deed."

After the rendition of this decree, Wishard paid one installment of interest ($1,500) on the mortgage debt due the Des Moines Savings Bank, and about a year later took an assignment in his own name of that mortgage. The chief contention here is over this item of $1,500. Before taking up that matter, however, there is a question of practice to be settled.

I.   Wishard makes no assignment of errors on his appeal, and it is thought by appellee that because of this omission we cannot consider the case. We have held that where a party in an equity case stands upon a motion or demurrer, and appeals therefrom, exceptions should be taken and errors assigned. *Powers v. O'Brien County,* 54 Iowa 501; *Marshall v. Westrope,* 98 Iowa, 324; *Fink v. Mohn,* 85 Iowa, 739; *Bank v. Pottorfe,* 96 Iowa, 354. In this last case it is. said this court tries, *de novo,* cases only where issues of fact are joined and testimony is introduced; that, where the question is one of law only, error must be assigned on the ruling, in order to secure a hearing in this court. In the

case at bar, Wishard presented his account, coupled with a request, in the form of a motion, for its approval. Exceptions were filed to the account. Manifestly, questions of fact were presented. Indeed, evidence was offered on the hearing. Obviously, what is called here a "motion" is not what is referred to in the cases above cited. It was nothing more than a request, and need not have been in writing. After the account was filed an oral request for its approval would, perhaps, have been sufficient. Certainly it presented something more than a question of law. The fact that only legal questions are discussed on this hearing makes no difference. The issue presented arose in an equitable action, and involved within its scope matters of fact as well as of law. The appeal is here for consideration on its merits.

II.   Wisard purchased in his own name the two mortgages for $2,000 and $6,000, and thereafter, on March 18, 1897, he entered into a contract with the Des Moines Savings Bank whereby the mortgage of $25,000 was assigned to him for the purpose of foreclosure in connection with the two other mortgages owned by him. Under this contract with the bank, Wishard was to receive as his compensation 2 per cent. of the amount involved. On the day after this contract was made, Wishard paid out of the funds in his hands derived from rents and profits, which were not covered by this mortgage, the sum of $1,500, interest. Accepting appellant's theory as to Wishard's rights as a trustee or mortgagee in possession,—granting that, so long as he was entitled to hold possession of this property, he had a right to make payment in reduction of the superior liens, at least so far as to keep down interest,—still he had no such authority after his right to possession ceased. His right to possession rested upon his claims against the loan and trust company, and we find that on March 18, 1897,— being the day before he paid the $1,500 of interest,—the amount of the net rents in his hands was sufficient to satisfy his judgment, with interest and costs. Under the decree set

out above this money should have been so applied. Had that been done, Wishard would have had no right of possession thereafter, and, of course, no authority to pay this interest. But his contingent liability still appeared, at least, to exist on this date. It was fully released, however, on April 5th following. It may be said Wishard had a right to hold possession until the latter date. We are of opinion that this contingent liability was known to be only a matter of form on March 18th, although not formally released until April 5th. But, assuming that he had a right to hold possession until this shadow was removed, nevertheless his action in paying interest was not warranted. There was no immediate and pressing demand which could be satisfied only by this payment. Had Wishard delayed only a few days, $1,500 would have been saved to the mortgagor or his representatives, and this must have been apparent at the time the payment was made. The interest was not paid to prevent a foreclosure, for the transaction occurred after foreclosure had been agreed upon between Wishard and the mortgagee.

Wishard's claim to the $1,500 item was disallowed by the trial court, and in that finding we concur. His claim for interest on his judgment, $81.07, was reduced to $12.06; the district court allowing him interest only to January 26, 1897. Computing it up to March 18th of that year, the date when we find he had sufficient funds on hand to pay his whole claim, and the amount will be $21.36, which we think should be allowed.

It is said Marquis could not lawfully purchase the assets of the company from himself as receiver. But we do not think Wishard is in a position to raise any such issue. Again, it is asserted that, as the purchase of the assets by Marquis was made after this payment of interest, he has no right to question such payment. This would be true if the owner of the assets at the time of such payment had assented to the transaction, but no such fact ap-

pears.   The Des Moines Loan & Trust Company could certainly object to the payment, had it not sold to Marquis, and he possesses its rights.

Some claim is made of estoppel against Marquis.   It is enough to say the testimony does not warrant it.

With the slight modification we have made in the item of interest, which should not relieve appellant from the costs, the decree of the district court is AFFIRMED.