In re Estate of Almiron Culver, Deceased, Melissa
    Gould, Administratrix, Appellant, v. W. W. Morrow,
    Treasurer, Appellee.

**Collateral inheritance tax:** NATURE OF PROCEEDING. Proceedings re-
1 lating to collateral inheritance taxes, while special, are at law
    and the rules applicable to appeals in law cases govern.

**Same:** APPEAL: NECESSITY FOR EXCEPTIONS. It is the general rule
2 that the appellate court will not review a ruling of the lower
    court to which no exception has been taken; and this is true
    in equity cases if anything more is involved than the mere ques-
    tion of which party is entitled to recover on the facts and issues
    involved. So where the lower court after reversal of an in-
    heritance tax proceeding set aside its order and judgment upon
    a stipulation of the parties to that effect, reserving for further
    consideration a claim that the tax was excessive, and upon a
    subsequent hearing reduced the former judgment, an exception
    to the final order was essential to a review on appeal.

**Same:** TRIAL de novo. An inheritance tax proceeding is not triable
3 de novo, but is at law and reviewable on exceptions, even though
    it could not be submitted to a jury.

*Appeal from Pottawattamie District Court.*—Hon. O. D.
                    Wheeler, Judge.

            Wednesday, December 13, 1911.

    This is an appeal from an order in probate, directing
the administratrix to pay to the state treasurer, as a col-
lateral inheritance tax, the sum of $614.47.—*Affirmed.*

    *W. S. Baird,* for appellant.

    *George Cosson,* Attorney-General, and *N. J. Lee,* Spe-
cial Counsel, for appellee.

DEEMER, J.—In December of the year 1907, Melissa Gould was appointed administratrix with will annexed of the estate of Almiron Culver, deceased. The will was probated as a foreign will, and administration here was ancillary. Among other things, the administratrix inventoried "cash on deposit in the State Savings Bank of Council Bluffs, $10,640.48." Shortly after the probate of the will, the state treasurer filed a claim for an inheritance tax, due the state of Iowa upon the estate, which he valued at the sum of $15,640.48, making the total tax due $780.02. The administratrix filed answer to the claim, denying that the claimant was entitled to any tax, and especially asserting that no tax should be assessed upon twenty-five shares of stock in the State Savings Bank of Council Bluffs, valued at $150 per share. She averred that testator, at the time of his death, was a citizen and resident of Kansas; that principal administration was being had in that state; that the shares of stock referred to were in his possession in the state of Kansas at the time of his death and have since been in the possession of his administratrix in that state; and that the said shares of stock have never been in this state, and are not a part of the estate in this state.

Upon these issues the case was tried to the court upon an agreed statement of facts, from which we extract the following:

Almiron Culver departed this life at Wichita, in the county of Sedgwick, state of Kansas, August 23, 1908, leaving a will disposing of all his property; that at the time of his death Almiron Culver was a resident of Wichita, Kansas, and had been such resident for many years prior thereto; that his will was probated in the county of Sedgwick, Kansas, and Melissa Gould duly appointed administratrix therein, and is now acting as such; that' later, said will was duly probated in the district court of Pottawattamie county, Iowa, and Melissa Gould appointed as administratrix, and is now acting as such; that among other property left by the said Almiron Culver at the time of

his decease was the sum of $10,800.08 in cash, deposited in the State Savings Bank of Council Bluffs, Iowa, where it now remains, and twenty-five shares of stock in such State Savings Bank of Council Bluffs, Iowa, represented by two certificates, one for twenty-four shares and one for one share, which certificates were, at the time of the death of said Almiron Culver, in his possession at Wichita, Kansas, and had been in such possession for many years, and said shares of stock have not, since the decease of said Almiron Culver, been within the jurisdiction of the state of Iowa, and are now in the possession and control of the administratrix in Sedgwick county, Kansas. That the State Savings Bank of Council Bluffs, Iowa, is an Iowa corporation, with its place of business in Council Bluffs, Iowa, and that the par value of such shares of stock is $100 each; that the fair market value of said stock is and was $200 each share, making a total of $5,000 for said twenty-five shares of stock.

Upon this record, the trial court found that the $10,000 on deposit in the State Savings Bank was subject to the collateral inheritance tax, but that the bank stock was not subject to said tax. Accordingly, judgment was rendered for the amount of the tax on the deposit in the bank, to wit, $532.02. Both parties excepted. This ruling was had on August 26, 1908. The state treasurer alone appealed to this court, and upon the appeal here it was found that the bank stock was subject to the inheritance tax. The administratrix did not appeal, and the time for her appeal expired on February 26, 1909. The case was heard in this court on the state treasurer's appeal, and an opinion filed on December 15, 1909, reported in 145 Iowa, 1.

On August 11, 1909, and after the time for appeal had passed, the parties filed a stipulation in the district court, from which we extract the following:

Comes now W. W. Morrow, state treasurer, by H. W. Byers, attorney-general of the state of Iowa, and Melissa Gould, administratrix of the estate of Almiron Culver, de-

ceased, by M. A. Hall, her attorney, and stipulates and agrees that the judgment heretofore rendered in this matter by the court, allowing an inheritance tax upon the money on deposit in the Council Bluffs Bank in the sum of $532.02, may be vacated and set aside, so far only as that or any other specific sum is concerned; and that the adjudication by the court of the amount of such tax shall be made after and when the Supreme Court of the state of Iowa shall have passed upon the question involved in the appeal by the plaintiff herein named from that part of the judgment disallowing a tax upon certain bank stock; this stipulation, and the entry vacating and setting aside the judgment, to be without prejudice in all respects to the rights of the parties thereto in and on account of such appeal now pending in the Supreme Court of the state of Iowa.

Pursuant to said stipulation, an order was entered in the trial court, reading in this wise:

The court does order that that part of the judgment rendered on August 26, 1908, by this court, allowing an inheritance tax upon the money on deposit in the Council Bluffs Bank in the sum of $532.02, be and the same is hereby vacated and set aside, and that the matter of such tax and the amount thereof shall remain in abeyance, to be determined by the court when and after the Supreme Court of the state of Iowa shall have passed upon the question involved in the appeal by W. W. Morrow, state treasurer, from that part of the judgment disallowing an inheritance tax upon certain bank stock; this order to be without prejudice in all respects to the rights of the parties hereto in and on account of such appeal now pending in the Supreme Court of the state of Iowa by the court.

After the reversal here, and on the 8th day of May, 1910, the state treasurer, through his attorney, made a motion for judgment in the district court in conformity with the opinion here, and the record shows the following proceedings with reference thereto:

Mr. Hess for the plaintiff, W. W. Morrow, state treasurer, offered and read in evidence all the files in the matter

of the estate of Almiron Culver, deceased, including the filings made herein and noted on the appearance and fee docket, also the claim filed by him for collateral inheritance tax, in support of the motion, and at this time the state treasurer, Morrow, objects to the introduction of any testimony on the part of the defendant going to the merits of said claim, for the reason that as to the money in the bank there was a complete adjudication in the order of the court, made herein, August 28, 1908. As to the bank stock on which the claim was based, the right to a tax thereon was fully determined by the Supreme Court, in a decision handed down by them on the —— day of ———, 19—. The state treasurer, Morrow, therefore demands and asks the court to make an order on the said administratrix to pay to the state of Iowa, or to W. W. Morrow, state treasurer, the following sums: $782 tax, and interest thereon in the amount of $99.05, being a total of $881.05, and asks the court to make an order, requiring the said administratrix to pay said sum forthwith. The administratrix, being represented by W. S. Baird, offered the following: In resistance to the said motion of the state treasurer for an order to be made on the administratrix to pay forthwith the sum of $881.05, the administratrix at this time offers all the files in the estate of Almiron Culver, deceased, both in the case of Morrow, state treasurer, and in probate. The administratrix also offered and read in evidence Exhibit 2, which is the order vacating a portion of the judgment, and which is above set out.

Thereafter the court below entered an order, reciting the facts hitherto set forth with reference to the previous order, the results of the appeal to this court, and further made these findings:

That thereafter the said administratrix filed an application to modify the judgment of the court, of the date of August 26, 1908, on the ground that the same was excessive in the sum of one hundred and fourteen ($114) dollars, for the reason that Nettie J. Dickinson, Frank L. Jones, and Earl Jones, children of Fayette Jones, a stepchild of the decedent, were legatees under the will, and that the portion coming to said named children was not subject to the collateral inheritance tax under the laws of the state of

Iowa. That said judgment, for the reason just stated, was excessive in the sum of one hundred and fourteen ($114) dollars. That thereafter this court made an order, vacating a portion of said judgment, being the portion claimed in said application to be in excess of the sum that should be collected by the state of Iowa; that said order was as follows: [Here follows the vacation order set out at length].

The order of the trial court then proceeds:

That this court finds that it was the intention of the judge, in the order just set out, to set aside and annul only such portion of the judgment of August 26, 1908, as was claimed to be excessive, and that it was the intention in said order to vacate the same only to such extent as the judgment of August 26, 1908, was excessive, by reason of a portion of the property upon which the tax was claimed descending to heirs who were not collateral under the laws of the state of Iowa, and therefore exempt from the collateral inheritance tax. And the court now finds that there should be paid by said administratrix to the said W. W. Morrow, state treasurer, the sum of four hundred eighteen and 2-100 dollars as tax upon moneys, together with interest thereon as provided by law, and the further sum of one hundred ninety-six and 45-100 dollars, together with interest thereon as provided by law, as collateral inheritance tax upon said bank stock. Be it therefore ordered and adjudged by the court that the motion of W. W. Morrow, state treasurer, herein be granted, and that Melissa Gould, administratrix of the estate of Almiron Culver, deceased, be and she is hereby ordered and directed to pay from the moneys now in her hands as such administratrix the sum of six hundred fourteen and 47-100 dollars, together with interest as by law provided as a collateral inheritance tax upon the estate of the said decedent.

It should be stated that Judge Wheeler made all of the orders above referred to, and was fully cognizant of all the proceedings. No exception was taken to any of the orders so made, or to the final order, but on the 12th day of December the administratrix appealed from the final order.

Such is the unusual record in its entirety. It has

seemed necessary to set it out, because of the claim that we have nothing to consider, for the reason that no exceptions were taken, either to the final judgment, or to any of the proceedings leading up to the final order.  Section 1481 of the Code reads as follows:  "The district court having either principal or ancillary jurisdiction of the settlement of the estate of the decedent shall have jurisdiction to hear and determine all questions in relation to said tax that may arise affecting any devise, legacy or inheritance, or any grant or gift, under this chapter, subject to appeal as in other cases, and the treasurer of state shall, in his name of office, represent the interests of the state in any such proceeding."  From this it appears that the proceedings, while special, are at law, and are not equitable in character; and that the rules applicable to appeals in law cases must govern.

*1. COLLATERAL INHERITANCE TAX: nature of proceeding.*

Now, the universal rule is that this court will not review upon appeal, a ruling of the lower court to which no exceptions are taken.  *Chapman v. Lobey,* 21 Iowa, 300; *Holten v. Butler,* 22 Iowa, 557; *Appanoose Co. v. Walker,* 23 Iowa, 26; *Redding v. Page,* 52 Iowa, 406; *Spelman v. Gill,* 75 Iowa, 717; *Beason v. Jonason,* 14 Iowa, 399; *Eason v. Gester,* 31 Iowa, 475; *Richards v. Hintrager,* 45 Iowa, 253; *Soup v. Smith,* 26 Iowa, 472; *Aldrich v. Paine,* 106 Iowa, 461; *Gillespie v. Ashford,* 125 Iowa, 729; *Young v. Rann,* 111 Iowa, 253.

*2. SAME: appeal: necessity for exceptions.*

The rule does not apply to final decrees in equity cases, or perhaps to any case which is triable *de novo* in this court.  But even here, if anything more is involved than the question of which party is entitled to recover upon the facts and issues joined, exceptions must be taken.  Code, sections 3749-3751; *Dicken v. Morgan,* 59 Iowa, 157; *Gately v. Kniss,* 64 Iowa, 537; *Powers v. O'Brien Co.,* 54 Iowa, 501; *Hodgin v. Toler,* 70 Iowa, 21; *Fink v. Mohn,*

85 Iowa, 739; *Exchange Bank v. Pottorfe,* 96 Iowa, 354; *Payne v. Dicus,* 88 Iowa, 423.

Going to the record, it will be observed that the trial court refused to consider the question as to whether or not the money on deposit in the bank was subject to the collateral inheritance tax, but did take into account the claim, made by the administratrix, that the tax was excessive to the extent of $114, and upheld this claim, thus reducing the amount of the tax previously assessed from $532.02 to $418.02. It was held that this was the only question intended to be reserved by the stipulation for the vacation order and the order entered pursuant to said stipulation. The question as to whether or not the money was taxable in this state was not decided by the trial court, because of the fact that the administratrix did not appeal from the original judgment. The vacation order was held not to apply to anything, save the claim that the tax assessed was excessive; and the court recites that it was entered because of the claim, made by the administratrix after the original judgment was entered, that the tax was excessive. It is apparent that the trial court did not consider the question as to whether or not the money on deposit was, as an original proposition, subject to the collateral inheritance tax. The error, if any, of the trial court, was in its refusing to adjudicate that question, and in refusing to consider the vacation order as conclusive. No testimony was adduced with reference thereto, save as heretofore indicated; and it is apparent, we think, that to secure a review of the final order in this case an exception was necessary. There seems to be some foundation for the court's refusing to consider the vacation order, except in so far as it left the matter open as to the amount of the tax, in the stipulation for the order which we have hitherto set out. It is true that the state treasurer made no motion to rescind the same, and that the court acted upon its own knowledge of the matter, the judge being the same one who granted the vacation

order, and it may be that there was error here. But to get the matter before us on appeal it was necessary to except to the rulings.

The case is not triable *de novo* in this court, but upon exceptions taken; and this is true, although the matter could not be submitted to a jury. The proceedings are at

3. SAME: trial de novo. law, and are reviewable as such. Even were this not so, appellant's counsel do not, in their brief, challenge the ruling of the trial court as to the effect of the order of vacation. He devotes his entire argument to the claim that the money was not taxable because of the non-residence of the testator. The trial court did not pass upon that question, holding that it was *res adjudicata,* and no exception was taken to his judgment so finding. At the time the stipulation was filed for the order of vacation, the time for an appeal by the administratrix had expired, and she had evidently elected to rely upon her claim that the amount of the tax was excessive to the extent of $114. This question she could not present without the consent of the state treasurer; and the trial court found that this consent was simply to open up the case, in so far as the amount of the tax was concerned, and no farther. As we have already said, the appellant does not challenge this finding in the brief filed for her. Her counsel argues a question not passed upon by the trial court on the final hearing, to wit, the issue as to whether or not the money on deposit in the bank was subject to any tax. The case is peculiar, and, were it open for a new trial on the merits, or if the matter were properly before us, we should be inclined to hold that the money deposited in the bank was not taxable. The case seems to be ruled by *Gilbertson v. Oliver,* 129 Iowa, 568; *Morrow v. Gould,* 145 Iowa, 1.

However, counsel for appellant does not seem to have entertained that opinion when the original order and judgment was entered, for he did not appeal therefrom; nor did he rely on the stipulation filed for vacation, for when that

was entered into, the time for taking an appeal had expired. This stipulation was entered into on August 11, 1909, and the time for appeal expired on February 26th of the same year. There seems to have been a claim, however, that the amount of the tax was excessive to the extent of $114, and the vacation order was doubtless entered in order that this claim might be considered. At least, this is what the trial court found, and no exception is taken to the finding, and it is not now claimed in argument that the trial court was in error. Had the stipulation been entered into or the vacation order entered before the time for an appeal by the administratrix had expired, we would have an entirely different question, although, if that were the fact, it might be incumbent on the administratrix to show that this was the thing which induced her to abandon her right of appeal.

For the reasons pointed out, the judgment must be, and it is, *affirmed.*