Bridges *vs.* The Mayor and Council of Griffin.

————————————

SOLOMON T. BRIDGES, plaintiff in error, *vs* THE MAYOR
   AND COUNCIL OF GRIFFIN, defendant in error.,

The charter of an incorporated city, authorizing the Mayor and City
   Council thereof to levy and collect a tax upon all and every species of
   property within the limits of said city, gives no power to levy a tax
   upon notes and other evidences of debt, belonging to a person residing
   in the city, on and against persons residing without the limits of said
   city. ,

*Certiorari.* From Spalding Superior Court. Decided by
Judge FLOYD. At May Term, 1861.

The record, in this case, presents but one question for adjudication, which arises out of the following statement of facts, to wit:

Bridges, being a citizen of Griffin, Georgia, returned to the Clerk of Council a schedule of his taxable property, amongst which there were solvent notes against persons who did not reside within the corporate limits of the city of Griffin, amounting to the sum of $69,900 00. Bridges insisted that the promissory notes aforesaid were not subject to taxation by the City Council of Griffin, and petitioned the Mayor and Council to relieve him therefrom, which petition the Council disregarded, and proceeded to issue an execution against Bridges for the tax. Bridges tendered to the proper officer the amount of taxes which he admitted to be due, and filed his affidavit of illegality to the execution as to the tax on the notes before mentioned. The illegality was overruled by the Council, and their decision was excepted to, and carried, by *certiorari*, to the Superior Court of Spalding county. Upon hearing the *certiorari*, upon the facts aforesaid, the presiding Judge dismissed the writ, and affirmed the judgment of the City Council.

The following is the section of the charter empowering the Mayor and Council to levy taxes, to wit:

Section 1. " That from and after the passage of this Act, the Mayor and Council of the City of Griffin, or a majority of them, shall have the power to levy and collect a tax upon all and every species of property, real and personal, within the limits of the city of Griffin, which is or may be subject to taxation by the laws of this State, of not exceeding fifty cents on every one hundred dollars value of said property."

The same section also vests in the Mayor and Council the power to levy and collect a " poll tax" upon the citizens, and also a tax on " banking and insurance capital employed in the city;" also, a tax on " factors, brokers, and venders of lottery tickets."

The decision of the presiding Judge, dismissing the *certiorari*, is complained of as error.

ALFORD, for plaintiff in error.

PEEPLES, for defendant in error.

*By the Court*—LYON, J., delivering the opinion.

We think that the Court below should have sustained the *certiorari*.   The tax assessed by the Mayor and City Council of Griffin on the amount of solvent notes returned by the plaintiff in error, on persons residing out of the city of Griffin, was not authorized by the charter of the city, and was, therefore, illegal.   By the charter, the Mayor and City Council can only levy and collect a tax on that property which is within the city.   It is true, that debts, due by note, account, or otherwise, is property within the sense of that charter, and of the general statutes of the State, but unless the persons who owe the debts reside in Griffin, they are not property within the city.   The fact that the owner of these debts resides in the city, and has the notes there, does not alter the fact. The notes are but the evidences of the debt, while the debt itself is out of the city, as a man's title deeds or bill of sale are the evidence of the owner's right of property in his land and negroes; and it would never be thought that land and negroes, out of the city, would be liable to the city taxes because the owner resided in the city, and kept his title deeds there.

The affidavit of illegality was well taken, and ought to have been sustained.   This ruling is in accordance with the opinion intimated in Harper vs. The Commissioners of Elberton, 23 Georgia, 566.

Let the judgment be reversed.