GILBERT S. GILBERTSON, TREASURER OF STATE, Appellant, v. GEORGE O. OLIVER, ANCILLARY EXECUTOR OF THE ESTATE OF JULIA P. WHITING, DECEASED ET AL.

**Inheritance tax:** INDEBTEDNESS DUE AND HELD BY A NONRESIDENT. Evidences of indebtedness owing by residents of this state, which were owned and held by a nonresident at the time of her death, are not within the jurisdiction of this state for the purpose of imposing an inheritance tax.

*Appeal from Monona District Court.*— HON. G. W. WAKE-FIELD, Judge.

THURSDAY, FEBRUARY 8, 1906.

SUIT for the collection of an inheritance tax on the personal estate of Julia P. Whiting. Judgment for the defendants, from which the plaintiff appeals.— *Affirmed.*

*Chas. W. Mullan,* Attorney General, for appellant.

*J. M. Holt* and *J. L. Carney,* for appellees.

SHERWIN, J.— At the time of her death Julia P. Whiting was a resident of the state of New Hampshire. Some time prior thereto she had deposited money in banks in this state, receiving therefor certificates of deposit in the usual form, which certificates she owned and had in her possession in New Hampshire at the time of her decease. She also owned, and had in her possession at said time and place, other evidences of indebtedness and securities therefor in the form of notes and mortgages, the debts represented

thereby being owed by residents of this state, and an interest in shares of stock of an Iowa corporation. She died testate, devising this property to collateral heirs, and the plaintiff claims that it is subject to the payment of a collateral inheritance tax under the provisions of section 1467 of the Code, which is as follows, so far as it is material here.

All property within the jurisdiction of this state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other state, or by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, to any person in trust or otherwise, other than to or for the use of the father, mother, husband, wife, lineal descendant, adopted child, the lineal descendant of an adopted child or a decedent, or to charitable, educational or religious societies or institutions within this state . . ." is subject to pay a collateral inheritance tax to the state of Iowa.

The domicile of the testator was in New Hampshire, and the certificates of deposit and other evidences of indebtedness involved herein were in her possession there at the at the time of her death. But the appellant contends that the indebtedness owing to her by residents of this state at the time of her death, was intangible property within this state, subject to its jurisdiction and liable to pay an inheritance tax. The controversy presents for determination but one legal question, namely, was the property of the deceased within the jurisdiction of this state at the time of her death? There is a conflict in the adjudicated cases as to whether such evidences of indebtedness are taxable at the domicile of the owner, or whether the actual situs of such property and not the domicile of the owner determines the liability to taxation. The great weight of authority, however, supports the holding of our own cases that this species

of personal property, which is in a sense intangible and incorporeal, is taxable at the domicile of the owner, and not elsewhere, unless the owner has himself given it a different situs. In the early case of *City of Davenport et al. v. M. & M. R. R. Company,* 12 Iowa, 539, the city of Davenport and the county of Scott undertook to tax mortgages which had been placed on property of the defendant in this state, but which were owned and held by nonresidents of the state. At that time the statute provided that all real and personal property " within this state " was subject to taxation, etc. In discussing the question whether the mortgages were property within this state, this court, speaking through Baldwin, J., said:

It is true that the situs of the property mortgaged is within the jurisdiction of the state; but the mortgage itself, being personal property, a chose in action, attaches to the person of the owner. It is agreed . . . that the owners and holders of the mortgages are nonresidents of the state. If so, and the property in the mortgage attaches to the person of the owner, it follows that these mortgages are not property within the state, and, if not, they are not the subject of taxation.

In *Hunter v. Board of Supervisors,* 33 Iowa, 376, a resident of this state had deposited in a bank in Illinois for safe-keeping notes which had never been in this state. In holding that the debt evidenced by the notes was taxable in this state it was said:

The property in the evidence of the debt is not taxable, and hence whether the ' credit ' or ' debt ' was or was not subject to taxation at the time cannot be determined alone by the situs of the evidence. The debt due, of which the notes are the evidence, is property vested in the owner wherever he may reside. This property in the right — the chose in action — is as absolute a property therein, and he is as well entitled to it, as he is to tangible property in possession; and this species of property, debts due, must, in

the nature of things, follow and be with the owner, except, perhaps, where he has conferred authority upon some one else as his agent to loan, manage, receive, and collect the same for him.   .   .   .   The right to the 'money due' being in the appellant, the property in the right must of necessity be in the place where he resides, irrespective of the situs of the evidence.

The principle announced in these two cases is clearly controlling in this, and it is supported by the weight of authority, as we have said. Judge Cooley, in his work on Taxation, says:

The state has no jurisdiction to assess a tax as a personal charge against nonresidents. Neither can the personalty of a nonresident be taxed, unless it has an actual situs within the state, so as to be under the protection of its laws. The mere right of a foreign creditor to receive from his debtor within the state the payment of his demand cannot be subjected to taxation within the state. It is a right that is personal to the creditor where he resides, and the residence or place of business of his debtor is immaterial. 1 Cooley on Taxation (3d Ed.) 24.

The general rule is stated thus in 1 Desty on Taxation, 326: "The situs of invisible and intangible property not growing out of real estate, is with the owner.   .   .   .   Intangible property has no actual situs. If for purposes of taxation it be assigned a situs, it should be the place where it is owned, not the place where it is owed. To make it follow the debtor, instead of the creditor, is to tax poverty, instead of wealth. A debt has its situs at the residence of the creditor, and may be there taxed." This general rule has been announced by the Supreme Court of the United States. In *Kirtland v. Hotchkiss*, 100 U. S. 491, (25 L. Ed. 558), Judge Harlan says:

The debt in question, although a species of intangible property, may for the purposes of taxation, if not for all purposes, be regarded as situated at the domicile of the

creditor. It is none the less property because its amount and maturity are set forth in a bond. That bond, wherever actually held or deposited, is, at best, only evidence of the debt, not the debt itself. The bond may be destroyed, but the debt . : . the right to demand the repayment of the money loaned, with the stipulated interest, remains. Nor is the locality of the debt for the purposes of taxation affected by the fact that it is secured by mortgage upon real estate situated in Illinois.

The rule is followed in *New Orleans v. Stemple,* 175 U. S. 309 (20 Sup. St. 110, 44 L. Ed. 174), and in the following, among other cases: *Boyd v. Selma,* 96 Ala. 144, (11 South. 393, 16 L. R. A. 729) (and see extended note therein on the subject and cases cited); *People v. Park,* 23 Cal. 138.

The general rule as to succession and distribution is based on the same principle; the law of the domicile ordinarily deciding whether a person may take as heir or distributee. " It is founded in a great measure upon the doctrine that movables have no situs and accompany the person of the owner." Story on the Conflict of Laws (8th Ed.), 481; Dicey on the Conflict of Laws, 678; *Caruth v. Caruth,* 128 Iowa, 121. Some of the courts have held that the actual situs of the notes or other evidence of the debt determine the right to tax; but even under such rule the plaintiff can claim nothing, because the certificates and notes involved were actually in a foreign state at the domicile of the testator. *Bridges v. Griffin,* 33 Ga. 113, is the only case cited by the appellant, and the only one that we have been able to find, that holds that the residence of the debtor fixes the situs of the property. In *Tappan v. Bank,* 86 U. S. 409, (22 L. Ed. 189), relied upon by appellant, it was held that national bank stock was taxable at the place where the bank was located, irrespective of the domicile of the owner of the shares; but the decision was based on the national banking act, which expressly so provided. In

*Mager v. Grima,* 8 How. 490, (12 L. Ed. 1168), the question involved here was not discussed, the case deciding a constitutional question only. The other cases relied on by appellant follow the rule referred to that the actual situs of the notes or other evidences of debt ordinarily determine the place of taxation.

Whether a nonresident creditor, by placing his intangible property in the hands of an agent within this state for management and control for business purposes may fix its situs for taxation, we do not determine.

The judgment of the district court is right, and it is *affirmed.*