STATE OF IOWA ex rel. E. H. HOYT, State Treasurer, Appellant, v. W. C. WYMAN, Administrator, et al., Appellees.

**TAXATION:** Collateral Inheritance Act—Present Statute Nonretroactive. The provision of our present collateral inheritance tax law (Sec. 1481-a *et seq.,* Code Supp., 1913 [34 G. A., Ch. 68]) that "this act shall apply to all estates subject to taxation under the law repealed by this act if the tax for which such estates are liable shall not have been paid prior to the taking effect of this act," had no other effect than to apply the machinery of the present law *for the collection of taxes* to estates liable under the former statutes which were delinquent in payment.

*Appeal from Wapello District Court.*—C. W. VERMILION, Judge.

FEBRUARY 17, 1921.

PROCEEDING for the collection of collateral inheritance taxes. The material facts are stated in the opinion. The State appeals. —*Affirmed.*

*H. M. Havner*, Attorney General, and *E. R. Mitchell*, County Attorney, for appellant.

*Jaques, Tisdale & Jaques, J. J. Smith, M. A. Roberts, W. S. Asbury, Work & Work, J. C. Mitchell, J. F. Webber*, and *W. A. Lewis*, for appellees.

Per Curiam.—Sarah L. Utt, a resident of Cook County, Illinois, died testate, December 8, 1908. Upon the admission of her will to probate in Cook County, her husband, William H. Utt, was appointed executor, and, on February 3, 1909, the will was admitted to probate in Wapello County, Iowa, as a foreign will, and he was also appointed foreign executor by the district court of said county. At the time of her death, testatrix owned considerable real estate in Iowa, notes owed by individuals or corporations resident in Iowa, aggregating $57,490, and certificates of deposit in various banks in Ottumwa, which, together with moneys on general deposit, aggregated $45,788.90. In addition to the above property, she owned shares of stock in Iowa corporations, amounting to $27,705. All of her property, except $10,000 bequeathed to her husband and $15,000 to charitable uses, passed to collateral heirs. At the time of her death, which occurred in Chicago, all of the certificates of deposit, pass books, and promissory notes were in her possession in Illinois. The collateral inheritance tax appraisers returned their inventory and appraisement of all the property of testatrix in Iowa on March 3, 1909, and caused same to be filed in the office of the clerk of the district court. A trial was had upon objections and exceptions filed by the executor to the appraisement and inclusion of the above-described personal property, and upon issues joined on the petition of intervention of L. A. Gordon and Jerry Shea, purchasers of certain real estate of the executor. The court found that the promissory notes, certificates of deposit, and cash on deposit in the various Ottumwa banks were not subject to the collateral inheritance tax, and struck these items from the appraisement.

The State also claims that testatrix died seized of an undivided one-third interest in 18 lots in Ottumwa, which interest

was appraised at $1,355, and which was also stricken from the appraisement list by the court, although subject to the tax. It is from these rulings and judgment of the court that the State appeals.

It is not claimed by the attorney general that the promissory notes, certificates of deposit, and money on general deposit in the Ottumwa bank were taxable in this state under the provisions of Section 1467 of the Code of 1897, as amended by Chapter 51, Acts of the Thirtieth General Assembly. See, on this point, *Gilbertson v. Oliver*, 129 Iowa 568; *In re Estate of Culver*, 145 Iowa 1 (153 Iowa 461). No part of the collateral inheritance tax imposed under Section 1467 of the Code had been paid at the time of the enactment of Chapter 68, Acts of the Thirty-fourth General Assembly, which repealed all prior statutes relating to the inheritance taxes.

It is the claim of the attorney general that, as no part of the tax had been paid at the time Chapter 68, Acts of the Thirty-fourth General Assembly, was enacted, Section 1481-a45 of the Supplement to the Code, 1913, which is Section 46 of said chapter, is applicable, and that, under our holding in *Hoyt v. Keegan*, 183 Iowa 592, all of the above-described property is rendered subject to the payment of the inheritance tax. Section 1481-a45 is as follows:

"In the construction of this act, the words 'collateral heirs' shall be held to mean all persons who are not specifically exempt from the tax imposed by the provisions hereof. The word 'person' shall include a plural as well as singular, and artificial as well as natural persons. This act shall not be construed to confer upon a county attorney authority to represent the state in any case, and he shall represent the treasurer of state only when especially authorized by him to do so. This act shall apply to all estates subject to taxation under the law repealed by this act if the tax for which such estates are liable shall not have been paid prior to the taking effect of this act."

It may be conceded that, if the provisions of Chapter 68, Acts of the Thirty-fourth General Assembly, are applicable to this case, then the property stricken is subject to the tax. It will be observed that all statutes relating to collateral inheritance taxes were repealed by Section 1481-a47 of the Code Supplement,

1913. The effect of the repeal of these statutes was to take away the remedy provided for the collection of collateral inheritance taxes, as well as the right to impose such taxes at all. While the repeal of the statutes relating to the imposition and collection of collateral inheritance taxes did not affect the right of the state to taxes already vested, the remedy formerly provided for the collection thereof no longer existed. The statute does not declare that property not previously subject to taxation shall be subject thereto, under the provisions of Chapter 68. Clearly, the legislature did not intend to impose a penalty upon estates upon which the inheritance tax had not been paid, but to provide security for taxes legally imposed under the former statutes, and to enact a means of enforcing collection thereof.

In the absence of language clearly making the statute retrospective, and showing the legislative intent to subject property not liable to the payment of collateral inheritance tax under the prior statutes, to the provisions of Chapter 68, Acts of the Thirty-fourth General Assembly, the last sentence of Section 1481-a45 should be held to relate to the remedy only. Testatrix, as found by the court below, was seized of no interest in the 18 Dain lots, and the elimination of the property from the tax was proper. The finding and judgment of the court below are, therefore,—*Affirmed*.